669 A.2d 404

Catherine SCHULZ, Admx. of the Estate of
Robert Schulz, Deceased, Appellant,

v.

CELOTEX CORPORATION, Keene Corporation, Owens–Corning
Fiberglas Corp., Owens–Illinois, Inc., Garlock Inc., Eagle–Pich-
er Industries Inc., Raymark Industries Inc., Flinkotc Company,
Rock Wool Manufacturing Company, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 10, 1995.

Filed Jan. 12, 1996.

Robert J. Murphy, Philadelphia, for appellant.

Karen F. Cooper, Philadelphia, for Garlock Inc., Eagle–
Picher & Raymark, appellees.

Anthony R. Sherr, West Conshohocken, for Flinkote &
Rock Wool, appellees.

Before DEL SOLE, BECK and HUDOCK, JJ.

DEL SOLE, Judge:

Following an adverse jury verdict in a reverse bifurcated trial involving asbestos exposure claims, the plaintiff filed Rule 227.1 Post-trial Motions. The trial court dismissed these motions because the plaintiff failed to file a brief as required by Philadelphia Civil Rule 227.1 which the court recites in its February 27, 1995 Opinion on page 3 as follows:

(E) Briefs.

(1) All briefs shall be filed in the post-trial motions unit of Motion Court. The moving party shall file its brief in support of its motion within thirty-five days after the date of the notice of availability of the notes of testimony. If it has been certified that the notes of testimony are not essential, the moving party shall file its brief within thirty-five days of the filing of the motion.

.        .        .        .        .

(3) Should the moving party fail to file its brief within the allowed time, the motion shall be dismissed with prejudice . . .

We find this procedure to be in violation of Pa.Rule of Civil Procedure 239(f) which specifically prohibits the dismissal of any civil action or proceeding "for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901."

We are mindful of the Commonwealth Court of Pennsylvania's decision in *City of Philadelphia v. Tasker*, 119 Pa. Cmwlth. 519, 547 A.2d 1261 (1988), *alloc. den.*, 522 Pa. 592, 561 A.2d 744 (1989) wherein the court held that "[d]ismissal of a motion for post-trial relief ... does not constitute dismissal of an 'action', *Davison v. John W. Harper, Inc.*, 342 Pa.Superior Ct. 560, 566, 493 A.2d 732, 736 (1985). Nor does it constitute dismissal of a 'proceeding'." *Id.* 119 Pa.Cmwlth. at 525, 547 A.2d at 1264. However, we are not bound by the Commonwealth Court's decision and choose not to follow its interpretation of Rule 239(f). Rather, we agree in principle with the dicta expressed in *Davison v. John W. Harper, Inc., supra*, that Rule 239(f) was designed to prevent the type of harm that

occurred here. The dismissal of Post-trial Motions for failure to file a brief within the time required by a local rule is the dismissal of a proceeding and results in serious consequences for the litigant. It is the type of action Rule 239 was enacted to prevent. While we fully support the need of local courts to establish rules for the orderly transaction of business, those local rules cannot provide for the automatic dismissal of a party's cause in the event of a breach. See also: *Murphy v. Armstrong*, 424 Pa.Super. 424, 622 A.2d 992 (1993).

Therefore, we find it necessary to vacate the trial court's Order dismissing the Appellant's Post–Trial Motion, and remand for consideration of the Motion on the merits.

Order reversed, case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.