Robert James JACKSON, Appellee

v.

Edward KASSAB, William C. Archbold, Jr., and Joseph Patrick O'Brien, Appellants

Superior Court of Pennsylvania.

Submitted June 27, 2002.

Filed Nov. 26, 2002.

John J. Coyle, Media and Jeffrey B. McCarron, Philadelphia, for appellants.

Robert J. Lohr, West Chester and Lee A. Stivale, Springfield, for appellee.

Before: DEL SOLE, P.J., FORD ELLIOTT, JOYCE, STEVENS, MUSMANNO, ORIE MELVIN, LALLY–GREEN, KLEIN, BENDER, JJ.

JOYCE, J.:

¶ 1 Edward Kassab, William C. Archbold, Jr., and Joseph P. O'Brien (collectively Appellants) appeal from the judgment entered against them and in favor of Robert J. Jackson (Appellee) in the Court of Common Pleas of Delaware County. Upon review, we affirm the judgment entered in the trial court. The relevant facts and procedural history of this matter are as follows.

¶ 2 On June 4, 1998, Appellee filed a complaint in the Court of Common Pleas of Delaware County requesting the dissolution of KAJO Building Associates[2] and an award based on a claim of Appellants' unjust enrichment.[3] On December 18, 1998, Appellants filed their answer and counterclaims that alleged breach of contract, breach of fiduciary duty, and fraud against Appellee based on the same position they took in a previous bankruptcy proceeding where these issues were raised but not decided.[4] After a bench trial, Appellee was awarded $141,212.38, with interest from July 1, 1995; the order dismissed all counterclaims. Thereafter, Appellants filed timely post-trial motions but failed to brief those complaints before the trial court. The trial court denied relief. Appellee filed a praecipe for entry of judgment, and judgment was entered on October 4, 2000. Appellants timely appealed.

¶ 3 We digress to acknowledge the appellate history of this matter. When this case was first presented on appeal, a panel of this Court affirmed the trial court's denial of relief based on Appellants' failure to brief the issues raised in their post-trial motions. Appellants timely applied for reargument, the application was granted, the earlier panel memorandum was withdrawn, and the case is now before our Court *en banc*. The issue is whether the trial court abused its discretion when it denied the post-trial motions based upon the absence of a supporting brief.

¶ 4 Appellants aver that the trial court's decision and the earlier memorandum of this Court were contrary to our holding in *Schulz v. Celotex Corp.*, 447 Pa.Super. 391, 669 A.2d 404 (1996). We disagree.

¶ 5 In *Schulz*, this Court held that a trial court's dismissal of post-trial motions for failure to file a brief in support, within the time prescribed by local rule of court, was prohibited pursuant to Pa.R.Civ.P. 239(f). Rule 239(f) specifically prohibits the dismissal of any civil action or proceeding for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901.[5] *Id.* at 404; Pa. R.Civ.P. 239(f).

---

2. KAJO Building Associates was formed as a real estate partnership. It leased property to the KAJO law partnership. The real estate partnership consisted of Kassab, Archbold, Jackson, O'Brien, and Richard A. Stanko.

3. Although an equal partner, Stanko is not involved in this litigation.

4. *See In re Granite Partners I, LTD.*, Bankr.No. 95–18296DWS, Adv. No. 96–0667 (Bankr. E.D.Pa.11/20/1997) (wherein it was argued that Appellee sought to profit from what was alleged to be a partnership deal in violation of the partnership agreement).

5. Rule of Judicial Administration 1901 relates to the several courts of common pleas' authority to dismiss a case for inactivity. *See* Pa.R.J.A. No.1901.

¶ 6 The key distinction is that in *Schulz*, the motions were dismissed for failure to comply with a local rule, while in the case *sub judice*, the motions were dismissed for failure to file a supporting brief. While this may appear to be a semantic difference, the relevant case law of this Commonwealth holds otherwise.

¶ 7 *Schulz* dealt exclusively with a dismissal ordered pursuant to local rules, which, as we stated earlier, is prohibited.[6] *See* Pa.R.Civ.P. 239(f). In the instant case, local rules are never mentioned. Accordingly, since in our case there is no express or implied reliance on a local rule, we cannot presume the trial court's decision was based on local rule and *Schulz* is inapplicable. Our focus is necessarily whether the trial court abused its discretion under the law of this Commonwealth, and we answer that question in the negative.

> Post-trial practice is governed by Pa. R.C.P. 227.1, which requires timely objection and specific mention in a post-trial motion before an issue may be considered by the post-trial court. The purpose for this rule is to afford the trial court the opportunity to correct an error at the time it is made, and to inform the court of the issues which must be decided at the post-trial stage, thereby giving it the first opportunity 'to review and reconsider the determination it made at trial.'

*DiSalle v. P.G. Pub. Co.*, 375 Pa.Super. 510, 544 A.2d 1345, 1363 (1988) (citations omitted).

¶ 8 "To fully effectuate the latter purpose, common sense mandates that any issue raised in a motion for post-trial relief must be briefed and argued to the trial court." *Id.* "[F]ailure to set forth an argument in briefs filed in the court in support of post-trial motions constitutes a failure to preserve the issue or issues not argued." *Id.* at 1364 (citing *Bryant v. Girard Bank*, 358 Pa.Super. 335, 517 A.2d 968, 973 (1986)); *accord Kraus v. Taylor*, 710 A.2d 1142 (Pa.Super.1998).

¶ 9 Appellants' failure to brief and argue their post-trial motions resulted in the trial court being deprived of its opportunity to address the merits of their post-trial contentions. We find no abuse of discretion in this decision.

¶ 10 Since it is our determination that the trial court was not provided the means to address issues post trial, we are left with nothing to review. *DiSalle, supra*, at 1364. Having found Appellants abandoned their issues on appeal, we affirm the trial court's decision.

¶ 11 Judgment affirmed.

¶ 12 FORD ELLIOTT, J., MUSMANNO, J., ORIE–MELVIN, J., and KLEIN, J. Join.

¶ 13 LALLY–GREEN, J., files Concurring Statement in which KLEIN, J. joins.

¶ 14 DEL SOLE, P.J., files Dissenting Opinion in which BENDER, J. joins.

¶ 15 STEVENS, J. Recuses.

LALLY–GREEN, JJ., Concurring:

¶ 1 I join in the well-reasoned opinion of the majority that when the trial court requests briefs respecting issues raised in a motion for post-trial relief, the parties are

---

6. The authority utilized, a local rule, under which the trial court in *Schulz* dismissed the motions, was the sole reason for reversal as it violated Pa.R.Civ.P. 239(f). Had the trial court in *Schulz* dismissed the post-trial mo-

tions without doing so under color of a statutorily prohibited local rule, the dismissal itself, pursuant to Pennsylvania case law cited herein, would appear to have been correct.

to comply with that request or risk having all unbriefed issues waived. As both the majority and the dissent so clearly stated, the trial court has the inherent authority to order the filing of supporting briefs. If the parties fail to comply with the order, the result may be waiver of the unbriefed issues.

¶ 2 I do not agree with my esteemed colleague in the dissent that the court's letter request "does not have the force of an order of court." It is my understanding that the custom and practice regarding how the trial court communicates its desire to have briefs to address post-trial motions varies among the individual counties (and judges) of this Commonwealth. The practice in some counties is that the court orders, by oral or written order of court, the parties to file the briefs. In other counties, the court requests the briefs by letter and not by a court order. Whether the court order procedure is the preferred procedure is a matter for the Supreme Court and its procedural rules committees.

¶ 3 Simply stated, the parties are to comply with the court's request, whether the court issues an order of court or makes a request by letter. In the instant matter, the trial judge sent a letter to the parties instructing them of time frames within which to file briefs addressing the post-trial motions. Obviously, the trial judge requested the briefs to assist the judge in the disposition of the post-trial motions. Accordingly, the judge's letter requesting briefs for post-trial motions should have the same effect and control on the parties as a court order.

¶ 4 The failure to enter the letter request into the certified record does not affect the obligation of the parties to comply with the court's direction. Certainly, placing it in the record assists appellate review. Yet, the absence of the court's letter request in the certified record does not erase the obligations of the parties. Where the court requests by letter that a party file a brief, whether or not the letter request is part of the certified record, and the party fails to do so, the trial court may consider waived the issues raised in the motion for which the brief was requested.

¶ 5 KLEIN, J. Joins.

DEL SOLE, P.J., Dissenting:

¶ 1 I dissent from the Majority's ruling which holds that issues contained in Appellants' timely filed post-trial motions are waived because no brief in support of the motions was filed with the trial court. While I do not disagree that a trial court has the authority to order the filing of supporting briefs and that a party's failure to comply with a court order may result in waiver, no order is contained in the certified record. Attached to Appellee's Brief is a copy of a letter sent to Appellants' counsel which states that "Defendants have two weeks after receipt of the notes of testimony to file a brief in support of their post-trial motions." However, this letter is not included in the certified record and does not have the force of an order of court. Thus, absent a directive per order of court, I believe a brief is not required.

¶ 2 The Majority refers to prior precedent in support of its conclusion that the failure to brief and argue post-trial motions results in waiver. However the cases cited by the Majority, as well as the cases upon which those decisions rely, do not stand for that proposition. Rather prior law directs that in order to preserve an issue it must be included in a timely filed post-trial motion. Further where a brief is filed in support of that motion, any issue raised in the post-trial motion but not included in the supporting brief will be considered abandoned and therefore waived.

¶ 3 In *DiSalle v. P.G. Publishing Co.*, 375 Pa.Super. 510, 544 A.2d 1345, 1364 (1988), the court found a challenge to the compensatory damage award was waived where the appellant did not list that issue in its brief in support of the motion or in any argument contained in that brief. The *DiSalle* court cited to *Bryant v. Girard Bank*, 358 Pa.Super. 335, 517 A.2d 968, 973 (1986), wherein the appellant failed "to raise or even suggest" in its post-trial motions issues regarding duty and substantial factor. The court further held that the appellant's brief, filed in support of its motion contained no argument on these issues. The court ruled that these two issues were not preserved for its review. *Bryant* cited to *Bell v. City of Philadelphia*, 341 Pa.Super. 534, 491 A.2d 1386 (1985). In *Bell* it was held that an issue was waived which the appellants failed to argue "in the brief filed in the trial court in support of their motion for new trial." 491 A.2d at 1389. The Supreme Court decision in *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978), was cited in *Bell* and *Bryant*. In *Holzer* the appellant raised several issues on appeal that were included in his post-verdict motions which contained 107 assertions of error. However, in the brief and argument before the trial court the appellant briefed and argued only five of those 107 issues. The Supreme Court wrote that the trial court's refusal to consider the issues which were not included in the brief or oral argument on the motion was proper. It found that it was deprived of the benefit of the lower court's analysis of those issues and therefore those assignments of error would not be reviewed on appeal. *Holzer* in turn cites to *Commonwealth v. Williams*, 476 Pa. 557, 383 A.2d 503, 509 n. 11 (1978), where counsel for appellant neither briefed nor argued a claim of trial error at the trial court's hearing on post-trial motions. The Court agreed with the trial court which considered this claim to have been abandoned at the hearing on post-trial motions.

¶ 4 The other case relied on by the Majority has a similar background. In *Kraus v. Taylor*, 710 A.2d 1142 (Pa.Super.1998), the appellant filed a post-trial motion which included 62 allegations of trial court error. In the brief he filed in support of his motion the appellant reduced the number of errors to 13. The court ruled that the trial court correctly concluded that the remaining 50 errors were abandoned. Because the issues on appeal were not included in the 13 errors argued before the trial court, it was held that the appellant failed to preserve these issues. The court in *Kraus* cited to *Bell v. City of Philadelphia*, 341 Pa.Super. 534, 491 A.2d 1386 (1985), where it was held that the appellants' failure to argue an issue in the brief they filed with the trial court in support of their motion for a new trial precluded review.

¶ 5 Thus, contrary to the Majority's interpretation, prior case law does not direct that a party must brief and argue their post-trial motions to avoid waiver. These cases hold only that waiver may result where a party elects to file a brief but does not include the issues raised on appeal in that brief. In such an instance the issues included in post-trial motions but not briefed or argued will be considered abandoned. Likewise where a party has been directed by court order to file a brief and fails to do as directed including all the issues they wish to have reviewed, then that party must be prepared to have the issues waived.

¶ 6 In this case it cannot be said that Appellants abandoned claims they included in a timely filed post-trial motion. Furthermore, because the trial court did not order the filing of briefs, I believe it was an abuse of discretion for it to have found

the issues waived because no brief was filed. A letter to the parties does not have the same force and effect as an order of court. I would vacate the judgment of the trial court and remand to permit the trial court to consider the merits of Appellants' issues. If the court desires briefs, I would suggest it enter an order directing the filing of briefs. Accordingly, I dissent.

¶ 7 STEVENS, J., Recuses.

¶ 8 BENDER, J., Joins.