J-A28013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TERESA O'BRIEN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSE A. DELA PENA A/K/A ALFREDO DELA PENA A/K/A J. ALFREDO DELA PENA AND COLUMBUS PROPERTY MANAGEMENT AND DEVELOPMENT, INC. | |
| Appellees | No. 3162 EDA 2013 |

Appeal from the Judgment Entered October 10, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 00098 April Term, 2012

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JANUARY 14, 2015**

Appellant, Teresa O'Brien, appeals from the judgment entered in the Philadelphia County Court of Common Pleas, in favor of Appellees, Jose A. Dela Pena a/k/a Alfredo Dela Pena a/k/a J. Alfredo Dela Pena and Columbus Property Management and Development, Inc., in this negligence action.  We affirm.

In its opinion, the trial court set forth the relevant facts of this case, as follows:

> This cause of action arises from an automobile accident which occurred on September 28, 2010, at about 6:30 A.M. on Stenton Avenue in Whitpain Township, Pennsylvania.  On that date, it was raining and [Appellee] Jose Dela Pena, who is the Executive Director of [Appellee] Columbus Property Management and Development, Inc.,

was driving his 2002 Honda Civic to a work-related conference in Atlantic City, NJ. [Mr.] Dela Pena testified that prior to getting on Stenton Avenue, he noticed that he was following a car, which he thought was a Prius, whose driver appeared to be either lost or confused; on at least one occasion, the driver of that car almost made a left-hand turn but did not.

After noting that the driver hesitated at other intersections, and after stopping at a stop sign behind that car, [Mr.] Dela Pena decided to stay a good distance back from the Prius because it still appeared to him that the driver of the Prius was lost or confused. He estimated that he was between 50 and 75 feet back from the Prius. Eventually, both the Prius and [Mr.] Dela Pena were driving westbound on Stenton Avenue.

As [Mr.] Dela Pena approached a curve in the road, the Prius, which was still 50 to 75 feet ahead of him, came to a complete stop on the road just ahead of the curve. [Mr.] Dela Pena applied his brakes normally, thinking he had plenty of room to come to a stop before he reached the Prius, but felt the car "slip" and his vehicle crossed over the double yellow line on Stenton Avenue. [Appellant] was driving eastbound on Stenton Avenue at that moment, and [Mr.] Dela Pena's vehicle hit hers.

(Trial Court Opinion, filed May 27, 2014, at 1-2).

Procedurally, Appellant filed a complaint alleging negligence against Appellee Dela Pena on April 2, 2012. On April 11, 2012, Appellant filed a joinder complaint against Appellee Columbus Property Management and Development, Inc. Appellee Dela Pena filed an answer and new matter on May 29, 2012; and Appellee Columbus Property Management and Development, Inc. filed an answer and new matter on August 7, 2012. The matter proceeded to trial on July 1, 2013, at which time the court heard argument on some of the parties' motions *in limine*. During argument, the

following exchange took place before the court:

> [APPELLANT'S COUNSEL]: Yes, Your Honor. And I will bring this to the [c]ourt's attention at this time, if I could, it's a side point, but I wasn't going to think this motion was going to be an issue because I was led to believe that [defense counsel], on behalf of her client, was going to admit liability. As a matter of fact, my proposed points for charge do not address some of the issues in terms of negligence. My proposed verdict sheet assumes that liability is admitted, based on representations.
>
> [Defense counsel] has told me this morning that she is now contesting negligence, which is kind of taking me off guard. I would ask the [c]ourt to hold [defense counsel] to the prior representations. As a matter of fact, I think she has even, in some of the pleadings before the [c]ourt, conceded liability in submissions.[1] And now, for reasons I guess privy to her and her trial strategy, she has now changed her mind and put negligence at issue.
>
> So as a side point, Your Honor, given that development and given it's related to this motion, I bring it up to bring it to the [c]ourt's attention at this time. If the [c]ourt was to allow [defense counsel] to proceed with the negligence argument, as opposed to holding her to her prior commitment that negligence was not going to be contested and would be admitted, if that's the case, if it was going to be admitted, I was going to withdraw this motion.
>
> But the fact that I have been advised that they're contesting the liability, this motion is based upon the negligence *per se*. …
>
>           \*     \*     \*
>
> … So, I guess, Your Honor, it's a two-fold [analysis]. Number one, I'm primarily asking that defense counsel be committed to the representations that were made prior to

---

[1] The record makes clear Appellees denied liability in their respective pleadings.

trial and in some of the papers submitted to the [c]ourt that negligence has been admitted. Which in that case, if the [c]ourt would so find, then this motion would be withdrawn.

However, if Your Honor is deciding that [defense counsel] can change her prior representations of admission, then I would ask the [c]ourt to rule on this.

[THE COURT]: [Defense counsel], what is your status regarding liability?

[DEFENSE COUNSEL]: Your Honor, I told counsel this morning, I attempted to reach him over the weekend. We have made a determination, or I have made a determination that I was going to contest liability. I have a right to change my trial strategy. I tried to inform counsel. And, you know, counsel can try his case as he sees fit. He is not obligated to give me a blueprint, nor am I obligated to give him a blueprint.

[THE COURT]: Liability is contested.

(N.T. Trial, 7/1/13, at 48-53; R.R. at 406a-411a). Appellant did not object to the court's ruling.

On July 5, 2013, the jury returned a verdict in favor of Appellees. Appellant timely filed a post-trial motion on July 15, 2013. Appellees filed a response on July 25, 2013, to which Appellant responded on July 29, 2013. On September 18, 2013, the court denied Appellant's motion for post-trial relief. The court entered judgment on the verdict in favor of Appellees on October 10, 2013. On October 16, 2013, Appellant timely filed a notice of appeal. On April 15, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed her Rule 1925(b) statement on May 5, 2014.

Appellant raises three issues for our review:

> DID THE TRIAL COURT ERR IN ALLOWING DEFENSE COUNSEL TO RENEGE ON HER AGREEMENT TO STIPULATE TO LIABILITY AT THE BEGINNING OF TRIAL THEREBY PLACING LIABILITY AT ISSUE AND PREJUDICING [APPELLANT]?
>
> DID THE TRIAL COURT ERR IN SUBMITTING THE ISSUE OF NEGLIGENCE TO THE JURY WHERE DEFENSE COUNSEL HAD STIPULATED TO LIABILITY BUT THEN RENEGED ON THE STIPULATION ON THE EVE OF TRIAL?
>
> DID THE TRIAL COURT ERR IN REFUSING TO GRANT A NEW TRIAL WHERE THE EVIDENCE AND TESTIMONY CONCLUSIVELY ESTABLISHED THE LIABILITY OF [APPELLEES]?

(Appellant's Brief at 4).

Preliminarily, we observe:

> [T]o preserve an issue for appellate review, a party must make a **timely and specific objection at the appropriate stage of the proceedings before the trial court**. Failure to timely object to a basic and fundamental error will result in waiver of that issue. On appeal[,] the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. In this jurisdiction…one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

*McManamon v. Washko*, 906 A.2d 1259, 1274 (Pa.Super. 2006), *appeal denied*, 591 Pa. 736, 921 A.2d 497 (2007) (quoting *Hong v. Pelagatti*, 765 A.2d 1117, 1123 (Pa.Super. 2000)) (emphasis added). A party's failure to preserve a claim in her post-trial motion similarly constitutes waiver on

appeal. ***See generally Jackson v. Kassab***, 812 A.2d 1233 (Pa.Super. 2002) (*en banc*), *appeal denied*, 573 Pa. 698, 825 A.2d 1261 (2003). "The purpose for this rule is to afford the trial court the opportunity to correct an error at the time it is made, and to inform the court of the issues which must be decided at the post-trial stage, thereby giving it the first opportunity to review and reconsider the determination it made at trial." ***Id.*** at 1235 (internal citations and quotation marks omitted). Further, issues not raised in a Rule 1925 statement are generally deemed waived. ***HSBC Bank, NA v. Donaghy***, 101 A.3d 129 (Pa.Super. 2014). ***See also*** Pa.R.A.P. 302(a) (stating issues not raised in trial court are waived and cannot be raised for first time on appeal).

Instantly, Appellant indicates on appeal that Appellees made certain pre-trial representations two months before trial, which (1) constituted judicial admissions; and (2) Appellees could not "renege" on their representations regarding liability on the grounds of equitable estoppel and promissory estoppel. Nevertheless, at no time during Appellant's on-the-record objection to Appellees' change in trial strategy, did Appellant specify the contention that defense counsel's pre-trial representations were binding "judicial admissions" or subject to equitable or promissory estoppel. ***See McManamon, supra***. Appellant also failed to specify in her Rule 1925(b) statement her claim that Appellees' pre-trial representations constituted "judicial admissions," and made no mention whatsoever of her estoppel

- 6 -

theories in her concise statement. (**See** Appellant's Rule 1925(b) Statement, filed May 5, 2014, at 1-4.)[2] Thus, Appellant's first and second issues are waived. **See Donaghy, supra**; **McManamon, supra**.

Moreover, regarding Appellant's argument that Appellees' pre-trial representations constituted judicial admissions, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Rosalyn K. Robinson, we conclude that even if Appellant had properly preserved this claim, it would still merit no relief. (**See** Trial Court Opinion at 2-5) (finding: defense counsel's pre-trial statements on negligence constitute conclusions of law, which do not qualify as judicial admissions; moreover, judicial admissions are made only for benefit of admitting party; Appellees would have gained no advantage by admitting negligence; defense counsel merely represented Appellees' anticipated trial strategy, which counsel changed prior to trial; parties made no stipulation to court regarding concession of negligence, and Appellees did not admit negligence in their pleadings; Appellant claims she would have called Officer Schwartz to testify, had she known Appellees would contest liability, but Officer Schwartz did not arrive at accident scene until after accident took place; Appellant fails to identify what prejudice she suffered as

---

[2] Appellant did not include a copy of her four-page Rule 1925(b) statement in her reproduced record.

result of defense counsel's pre-trial reflections; court properly submitted issue of negligence to jury).[3]

With respect to Appellant's claim concerning weight of the evidence,[4] after a thorough review of the record, the briefs of the parties, the applicable law, and the trial court's opinion, we conclude Appellant's third issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that claim. (*See* Trial Court Opinion at 5-6) (finding: Appellant failed to link Mr. Dela Pena's "concession" that he lost control of vehicle and hydroplaned to conclusion that Mr. Dela Pena failed to act reasonably under circumstances; moreover, court instructed jury on sudden emergency doctrine, and Appellant agreed to that jury charge;[5] ample evidence

---

[3] Furthermore, Appellant did not request a continuance in light of defense counsel's change in trial strategy. (*See* N.T., 7/1/13, at 48-53; R.R. at 406a-411a.) In fact, Appellant suggested the court "push the case, possibly taking short lunches and maybe going a few hours over[,]" to wrap-up the trial before the July 4th holiday. (*See id.* at 63; R.R. at 421a.) Thus, Appellant's contention that she "was deprived the opportunity to prepare to prove liability" (*see* Appellant's Brief at 29-30) merits no relief.

[4] Appellant preserved her challenge to the weight of the evidence in her post-trial motion and in her Rule 1925(b) statement. *See Jackson, supra*; *Donaghy, supra*.

[5] Appellant initially objected when Appellees asked the court to instruct the jury on the sudden emergency doctrine but subsequently agreed to that charge. (*See* N.T. Trial, 7/5/13, at 27; R.R. at 705a.) Thus, Appellant's challenge to the court's jury instruction is waived. *See Estate of Hicks v. Dana Companies, LLC*, 984 A.2d 943 (Pa.Super. 2009) (*en banc*), *appeal denied*, 610 Pa. 586, 19 A.3d 1051 (2011) (explaining where party fails to
*(Footnote Continued Next Page)*

supported defense under sudden emergency doctrine, where Mr. Dela Pena faced sudden emergency, Mr. Dela Pena did not create that emergency, and Mr. Dela Pena acted reasonably under circumstances; jury found Mr. Dela Pena's testimony complete and credible, and rejected Appellant's theory that Mr. Dela Pena either created sudden emergency or did not respond reasonably to it; jury's verdict was not against weight of evidence).[6] Accordingly, Appellant's first and second issues are waived. As to Appellant's third issue, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

Judge Jenkins joins this memorandum.

Judge Wecht files a concurring memorandum.

_(Footnote Continued)_ ———————————

object specifically to trial court's jury instruction, objection is waived and cannot be raised on appeal).

[6] In her reply brief, Appellant also claims the court erred in failing to enter JNOV. Appellant made no claim for a directed verdict or JNOV before the trial court at the appropriate stage of the proceedings, so her belated request for JNOV is waived. **See Haan v. Wells**, ___ A.3d ___, 2014 PA Super 226 (filed October 8, 2014) (explaining to preserve right to request JNOV post-trial, party must first request binding charge to jury or move for directed verdict at trial).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/14/2015</u>

## ΙΝ THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## TRIAL DIVISION - CIVIL

Theresa O'Brien       :

            :

            : **April Term 2012**

v.            :

            : **No. 98**

            :

            :

Jose A. Dela Pena, et al.     :

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

This cause of action arises from an automobile accident which occurred on September 28, 2010 at about 6:30 A.M. on Stenton Avenue in Whitpain Township, Pennsylvania. On that date, it was raining and Defendant Jose Dela Pena, who is the Executive Director of Defendant Columbus Property Management and Development, Inc., was driving his 2002 Honda Civic to a work-related conference in Atlantic City, NJ. Dela Pena testified that prior to getting on Stenton Avenue, he noticed that he was following a car, which he thought was a Prius, whose driver appeared to be either lost or confused; on at least one occasion, the driver of that car almost made a left-hand turn but did not.

After noting that the driver hesitated at other intersections, and after stopping at a stop sign behind that car, Dela Pena decided to stay a good distance back from the Prius because it still appeared to him that the driver of the Prius was lost or confused. He estimated that he was



O'Brien Vs Dela Pena-OPFLD

1204009800168

1

\_ween 50 and 75 feet back from the Prius. Eventually, both the Prius and Dela Pena were driving westbound on Stenton Avenue.

As Dela Pena approached a curve in the road, the Prius, which was still 50 to 75 feet ahead of him, came to a complete stop on the road just ahead of the curve. Dela Pena applied his brakes normally, thinking he had plenty of room to come to a stop before he reached the Prius, but felt the car "slip" and his vehicle crossed over the double yellow line on Stenton Avenue. Plaintiff Theresa O'Brien was driving eastbound on Stenton Avenue at that moment, and Dela Pena's vehicle hit hers.

On July 5, 2013, following a trial, a jury returned a verdict finding no negligence on the part of Defendant. This appeal followed.

## DISCUSSION

In her 1925(b) Statement of Matters Complained of on Appeal, Plaintiff raises eight issues and thirteen sub-issues. Many of these issues are redundant; Plaintiff's issues essentially revolve around four claims: defendant's alleged concession of liability, the admission of the prior medical and employment history of the Plaintiff, the exclusion of any reference to insurance coverage of the Defendants, and the allegation that the verdict was against the weight of the evidence. For the reasons discussed below, Plaintiff is not entitled to relief.

2

ᴸ ᴶmission of Issue of Negligence to the Jury

Plaintiff's first and second claims of error on appeal both relate to the issue of the jury being asked to decide whether defendant was negligent. Plaintiff argues that defense counsel's representations to him at the pre-trial stage constituted "judicial admissions" and therefore bound defense counsel to admitting that her client was negligent at trial.

During the trial preparation stage, defense counsel made verbal and informal written representations to plaintiff's counsel that negligence would be conceded at trial.

Plaintiff has, during and after trial, characterized these conversations, conducted mostly over e-mail between attorneys, alternately as "attorney admissions", "stipulations", and "judicial admissions", and has advanced a theory of promissory estoppel. In her Post-Trial Motion, however, Plaintiff suggests only that the conversations between counsel rose to the level of judicial admissions, which have been defined by Pennsylvania Courts:

> For an averment to qualify as a judicial admission, it must be a clear and unequivocal admission of fact. Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, *and are exclusive of legal theories and conclusions of law*. The fact must have been unequivocally admitted and not be merely one interpretation of the statement that is purported to be a judicial admission. An admission is not conclusively binding when the statement is indeterminate, inconsistent, or ambiguous. When there is uncertainty surrounding a conceded fact, it is the role of the judge or jury as fact finder to determine which facts have been adequately proved and which must be rejected.

*John B. Conomos, Inc. v. Sun Co.*, 831 A.2d 696, 712–13 (Pa.Super.2003) (emphasis added). The Superior Court in *Cogley v. Duncan*, 32 A.3d 1288, 1293 (Pa. Super. Ct. 2011) clarified this concept when finding that because the word "file" has a legal meaning in certain contexts (including in the context in which the alleged judicial admission was made), a party's statement as to when a legal paper was "filed" could not be a judicial admission. Similarly, a

3

, .y's statement as to whether he was "negligent" is a conclusion of law and not a jud 'l admission.

Even if the admission of negligence were an issue of fact, however, a judicial admission must be made for the benefit of the admitting party. *Jewelcor Jewelers & Distributors, Inc. v. Corr*, 542 A.2d 72 (Pa. Super. 1988). Plaintiff does not at any point suggest that Defendant's alleged admission as to negligence was made for the benefit of Defendant. Defendants would have gained no advantage by admitting negligence; it was simply an anticipated trial strategy, and that strategy was changed prior to trial.

This Court therefore agrees with Defendant that the pre-trial conversations do not rise to the level of judicial admissions. Rather, defense counsel was simply informing plaintiff's counsel as to her anticipated trial strategy. No stipulation was submitted to this Court[1], nor does Defendant admit to negligence in his Answer to Plaintiff's Complaint.

Plaintiff argues that she was prejudiced by this change because had she known that negligence would be contested, she would have called Officer Schwartz to testify at trial. Officer Schwartz was the officer who arrived at the scene *after* the accident (and therefore after the defendant's alleged negligence would have occurred) and filled out a police report. Plaintiff fails to identify what prejudice she actually suffered on account of the fact that she decided not to call Officer Schwartz based on a verbal representation by defense counsel as to the defense strategy.

---

[1] Defendants did file a Motion in Limine in which they suggested that negligence would not be at issues. Even to the extent that Motion qualifies as a judicial admission or operates in any other binding way on Defendants, it was withdrawn by Defendants without objection prior to trial.

4

Because no judicial admission or any other kind of admission existed as to negligence Defendants were properly permitted to argue the issue of negligence to the jury, and Plaintiff is not entitled to relief.

**Weight of the Evidence**

Plaintiff's next claim of error on appeal (outlined in Paragraph 3(a)-(e)) is that the verdict was against the weight of the evidence. Appellate review of weight of the evidence claims is limited. It is well-settled that:

> [a]ppellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa.2013). A new trial based on weight of the evidence issues will not be granted unless the verdict is so contrary to the evidence as to shock one's sense of justice. *Winschel v. Jain*, 925 A.2d 782, 788 (Pa.Super.2007)

In this case, this Court correctly determined that the verdict did not shock one's sense of justice. Although Plaintiff cites Defendant's "concession" that he lost control of his vehicle and hydroplaned, Plaintiff fails to link this to a conclusion that Defendant did not act reasonably under the circumstances.

Furthermore, the jury was instructed on the Sudden Emergency Doctrine, which states:

> In this case Defendant claims he is not liable for Plaintiff's harm because he faced a "sudden emergency" and responded reasonably under the circumstances.

5

In order to establish this defense, Defendant must prove to you all of the following:

1. Defendant faced a "sudden emergency" requiring immediate responsive action;
2. Defendant did not create the "sudden emergency"; and
3. Defendant's response to the "sudden emergency" was reasonable under the circumstances.

Defendant must prove this defense by a preponderance of the evidence.

Pa. SSJI (Civ), § 13.230 (2013). Importantly, Plaintiff *agreed that this charge was appropriate.* N.T. 7/5/13 at 27. There is ample evidence to support each of the elements of this defense. First, the Defendant testified that he faced the sudden emergency of having realized that he was hydroplaning. Second, Defendant did not create the emergency: the driver in front of the Defendant put on his or her brakes, and it is undisputed that Defendant did not create the weather conditions that led to the condition of the road that day. Third, there is evidence to support the proposition that Defendant acted reasonably under the circumstances: upon seeing that the driver in front of him had put on his brakes, Defendant did the same, after having spent the preceding minutes following that car at an unusually far distance behind.

This Court can find no reason to think that the jury incorrectly concluded that the Defendant failed to prove each of these elements by a preponderance of the evidence. The jury found Defendant's testimony to be complete and credible, and rejected Plaintiff's theory that Defendant either created the sudden emergency or did not respond reasonably to it by either speeding or by doing something wrong when applying his brakes.

**Proof of Insurance and Admission of Information Relating to the Plaintiff**

The issues raised by Plaintiff in Paragraphs 4(a), 4(c), 5, and 7 all relate to this Court's ruling that an internal e-mail from Deanna Mirabile, a manager at ISG, the firm retained to

6

duct surveillance of the Plaintiff, to one of her employees was inadmissible under Pa.R.C 403 and Pa.R.C.P. 411[2]. Plaintiff also raises several claims relating to this Court's ruling allowing the introduction of evidence relating to her prior employment, past medical conditions, surgeries, and records.

These issues are waived because they were not raised in Plaintiff's Post-Trial Motion or any amendment to that Motion. See Pa.R.C.P. 227.1(b)(2) ("grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional ground"). In his post-trial motion, Plaintiff discusses only the issue as to Defendant's alleged "judicial admission" of liability and her assertion that the verdict was against the weight of the evidence.

## CONCLUSION

For the reasons stated above, it is respectfully requested that the judgment in favor of the Defendant be affirmed.

**BY THE COURT:**

*Rosilyn K. Robinson*

**ROBINSON, J.**

---

[2] Pa.R.C.P. 411 allows information relating to insurance coverage to be admitted to show the bias of "a witness", which Mirabile was not. This Court also found that allowing Plaintiff to use Mirabile's words in an attempt to show the bias of *other* investigators would be confusing, prejudicial, and a waste of time.

7