J-A17032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NAZARIO JUAREZ-ATONAL AND ELENA JIMENEZ-HERNANDEZ | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD W. FRAME | : | |
| | : | No. 2749 EDA 2023 |
| Appellant | : | |

Appeal from the Judgment Entered October 5, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  200301555

BEFORE:  BOWES, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED OCTOBER 2, 2024**

Edward W. Frame ("Appellant") appeals the entry of judgment against him in favor of Plaintiffs Nazario Juarez-Atonal ("Juarez-Atonal") and Elena Jimenez-Hernandez ("Jimenez-Hernandez," collectively "Appellees").[1]  We affirm.

The trial court summarized the factual and procedural history of the case as follows:

> On December 14, 2019, [Appellees] and [Appellant] were involved in a motor vehicle collision on I[nterstate]-95. [Appellant] rear-ended the car being driven by [Appellee] Juarez-Atonal in which [Appellee] Jimenez was a passenger.  On the day of the collision, [Appellees] had been car shopping and ultimately purchased the car they were in at the time of the collision.  ***See*** N.T. 4/17/23 at 61.  It was a rainy day[,] and [Appellees] were

---

[1] Appellant purports to appeal from the order denying his post-trial motions. An appeal does not lie from the denial of post-trial motions.  ***See Jackson v. Kassab***, 812 A.2d 1233, 1233 n.1 (Pa. Super. 2002). We have accordingly corrected the caption.

sitting in stop-and-start traffic when[,] without warning[,] they were struck from behind. *See id*. at 62. Both [Appellees] were wearing their seatbelts at the time of the impact. *See id*.

Following the collision, [Appellees] began to feel pain. [Appellee] Juarez-Atonal testified that he had pain in his back and spine. *See* N.T., 4/17/23, at 65. He treated the pain by taking Tylenol but that did not alleviate the pain. Two days following the collision, [Appellee] Juarez-Atonal went to Temple Hospital emergency room to seek treatment for the ongoing pain. *See id*. He was prescribed medication to relieve the pain, but he still experienced pain over the next three to four weeks. At times, the pain was so bad that [Appellee] Juarez-Atonal [] was unable to eat. *See id*. at 66. [Appellee] Juarez-Atonal began to attend physical therapy twice a week to help with his pain but stopped attending when the Covid-19 pandemic began. *See id*. at 68. [Appellee] Juarez-Atonal was unable to return to his job in construction due to the pain. *See id*. at 71. [Appellee] Jimenez suffered from shoulder, neck, and back pain stemming from this collision. *See id*. at 43. She also went to the hospital two days after the accident and was too prescribed pain killers. *See id*. She continued to experience the pain and had restricted movement in her arms that prevented her from returning to her housekeeping job. *See id*. at 44. Beginning approximately a month after the accident, [Appellee] Jimenez attended physical therapy about two times a week. *See id*. at 45. This therapy was reduced following the onset of the pandemic. *See id*. [Appellee] Jimenez has been able to return to work in a limited capacity, working around half as much as she used to prior to the collision. *See id*.

Trial Court Opinion, 1/3/24, at 1-2 (citation format corrected, capitalization standardized).

Appellees filed their complaint in 2021. At a trial in April 2023, a jury found for Appellees and assessed damages at $62,500 for each. The court molded the amount of damages to $50,000 for each Appellee pursuant to Pa.R.Civ.P. 1311.1(a) (relating to appeal of awards from compulsory arbitration). Appellees filed a motion for delay damages. Appellant filed a

post-trial weight of the evidence challenge to the excessiveness of the verdict. The trial court denied Appellant's post-trial motion and granted Appellees' motion. Appellant timely appealed and he and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two claims on appeal:

1. Whether the trial court committed an error or law and/or an abuse of discretion in denying [Appellant's] post-trial motion seeking a new trial or in the alternative, a remittitur of the . . . verdict . . . as to [Appellee] Jimenez-Hernandez . . . [where] said relief was appropriate as the verdict should have shocked the judicial consciousness [sic] considering the limited treatment, an ER visit two days after the accident with a diagnosis [of] cervical and lumbar sprain, followed by 23 visits at MRCP for cervical/thoracic, bilateral shoulder sprain and strain, the absence of objective evidence of injury per MRI, [and] when no wage loss or economic damages were claimed, and the matter had been filed initially as an arbitration matter . . . [?]

2. Whether the trial court committed an error or law and/or an abuse of discretion in denying [Appellant's] post-trial motion seeking a new trial or in the alternative, a remittitur of the . . . verdict . . . as to [Appellee] Juarez-Antonal considering the limited treatment, an ER visit two days after the accident with a diagnosis [of] cervical and lumbar sprain, the absence of objective evidence of injury per MRI, [and] when no wage loss or economic damages were claimed[,] and the matter had been filed initially as an arbitration matter . . . [?]

Appellant's Brief at 3 (capitalization standardized).

Appellant claims address the trial court's denial of his post-trial motion for relief challenging the weight of the evidence supporting the jury's award of damages to both of the appellees.[2]

Pursuant to Pa.R.Civ.P. 227.1, Post-Trial Relief, the court may, *inter alia*,

(1) order a new trial as to all or any of the issues; or

(2) direct the entry of judgment in favor of any party; or

* * * * *

(4) affirm, modify or change the decision; or

(5) enter any other appropriate order. . ..

Pa.R.Civ.P. 227.1.

A post-verdict weight claim asks the trial court to conclude the verdict is so contrary to what it heard and observed as to constitute a miscarriage of justice. **See Criswell v. King**, 834 A.2d 505, 512 (Pa. 2003). A jury is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. **See Fisher v. American International Industries**, 313 A.3d 1140, 1149 (Pa. Super. 2024).

Where, as here, a challenge to the denial of a new trial is based on an assertion that the fact-finder's award of damages was excessive, this Court reviews the trial court's action for an abuse of discretion, **see Gbur v. Golio**, 932 A.2d 203, 212 (Pa. Super. 2007), and assesses whether the trial court erred in finding the verdict did not shock its conscience, not whether the

---

[2] Appellant does not challenge the jury's finding of liability as to both Appellees.

verdict shocks this Court's conscience. **See Getting v. Mark Sales & Leasing, Inc.**, 274 A.3d 1251, 1260 (Pa. Super. 2022).

A verdict is not excessive simply because it is large; each case is dependent on its own special circumstances. **See Gbur**, 932 A.2d at 212. The following factors are relevant to an excessiveness challenge:

> (1) the severity of the injury; (2) whether the plaintiff's injury is manifested by objective physical evidence or whether it is only revealed by the subjective testimony of the plaintiff . . . ; (3) whether the injury will affect the plaintiff permanently; (4) whether the plaintiff can continue with his or her employment; (5) the size of the plaintiff's out-of-pocket expenses; and (6) the amount plaintiff demanded in the original complaint.

**Mecca v. Lukasik**, 530 A.2d 1334, 1340 (Pa. Super. 1987) (citation omitted).

Appellant's weight claim asserts the jury awarded excessive damages to Jimenez-Hernandez because she treated only twenty-three times for cervical/thoracic, bilateral shoulder sprain and strain, returned to her doctor only once annually for the next two years, worked three days per week as a housekeeper after the accident, and a radiologist found no evidence of herniation, fracture or spinal instability. Appellant further asserts Jimenez-Hernandez's injury was neither severe nor suggestive of a permanent injury, did not cause wage loss or out-of-pocket expenses, and the case was originally filed as an arbitration matter. **See** Appellant's Brief at 8-15.

The trial court determined the jury's verdict did not shock its conscience. The court noted Jimenez-Hernandez testified, *inter alia*, she had worked five to six days weekly before the accident and could only work three days per

week afterward, suffered pain for some period after the accident, and only reduced therapy treatments because of Covid-19. It determined the verdict did not shock its conscience. ***See*** Trial Court Opinion, 1/3/24, at 2, 4; N.T., 4/17/23, at 45-47.

The trial court did not abuse its discretion by denying Appellant's weight claim as to Jimenez-Hernandez. The record shows Jimenez-Hernandez was only able to work half as many days after the accident as she did before. She introduced medical evidence that more than one and one-half years after the accident she still had persistent cervical spine and bilateral shoulder pain and strain, and the doctor wrote at that time that "her prognosis for a full recovery is poor, and her injuries are permanent." ***See*** N.T., 4/17/23, at 91-93. Further, Jimenez-Hernandez testified that more than three years after the injury there are still many things – like lifting – she cannot do, and her work is harder to do than before the accident. ***See id.*** at 49, 52. Finally, that she originally sought an award of $50,000 or less pursuant to the jurisdictional limitations of arbitration does not demonstrate excessiveness where the molded jury award is $50,000. ***See Mecca***, 530 A.3d at 1340. Appellant's assertion lacks merit.

Appellant also advances a weight claim concerning the award to Juarez-Atonal. He asserts that although Juarez-Atonal had a decreased lumbar range of motion nine months after the accident, he had normal strength and sensation, had only twenty-two chiropractic visits, made no economic loss

claim, was bound by the limited tort option, and had a pre-existing lumbar condition. *See* Appellant's Brief at 16-18.

The trial court stated that Juarez-Atonal's pain was so unbearable in the first three or four weeks after the accident it prevented him from eating at times, he had physical therapy until the pandemic forced him to stop attending, he was unable to return to his construction work due to the pain he experienced, has difficulty sleeping, and can no longer drive long distances. *See* Trial Court Opinion, 1/3/24; N.T., 4/17/23, at 66-72. Medical evidence established Juarez-Atonal had a decreased range of motion in the lumbar paraspinals more than one and one-half years after the accident, and the doctor found at that time that "his prognosis for a full recovery is poor, and [his] injuries are permanent." *See* N.T., 4/17/12, at 94-98.

The trial court did not abuse its discretion by declining to grant Appellant's weight claim as to Juarez-Atonal, who was unable to work due to pain from the accident, had a poor prognosis for full recovery, and experienced other disturbances to normal daily activity. Finally, the $50,000 molded award does not demonstrate excessiveness. Given those circumstances, the damages award to Juarez-Atonal was not excessive and Appellant failed to prove an abuse of discretion. *See Mecca*, 530 A.3d at 1340.

Judgment affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date:  10/02/2024