J-A12038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANDREW FULLMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY ROBERT ASKIN, AND | : | No. 2902 EDA 2024 |
| LAUREL MEDICAL MANAGEMENT | : | |
| GROUP | : | |

Appeal from the Order Entered October 1, 2024
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2021-07427

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.: **FILED MAY 2, 2025**

Andrew Fullman ("Fullman") appeals *pro se* from the order denying his request to file post-trial motions *nunc pro tunc*.[1] We affirm and strike the case from the argument list.

_____

[1] An appeal arises from the entry of judgment, not from an order denying post-trial motions. *See **Jackson v. Kassab***, 812 A.2d 1233, 1233 n.1 (Pa. Super. 2002) (*en banc)*. Because Fullman appealed from the order denying his post-trial motions, this Court directed him to praecipe for entry of judgment. Fullman did so. For reasons not apparent from the record, the prothonotary did not enter judgment. We decline to make Fullman accountable for the prothonotary's failure to act; "there are some instances wherein a party has failed to enter judgment[,] and our appellate court may regard as done that which ought to have done." ***Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511, 514-15 (Pa. Super. 1995 (*en banc*) (internal quotation marks and citation omitted). Because there appears to have been a breakdown in operations at the trial court, we decline to quash Fullman's appeal as premature. *See **Marsh v. Hanley***, 856 A.2d 138, 139 n. 1 (Pa. Super. 2004) (permitting appeal to proceed despite the lack of entry of judgment where trial court prothonotary was at fault).

We briefly note this matter arises from a lawsuit filed by Fullman against Stanley Robert Askin, M.D. ("Dr. Askin") and Laurel Medical Management Group[2] after Dr. Askin conducted an independent medical evaluation of Fullman to assess injuries Fullman allegedly suffered in a bus accident. Pertinent to this appeal, a dispute arose over the timing and manner in which Fullman requested a continuance of his jury trial. After Fullman failed to appear for trial, the trial court granted Dr. Askin's motion for a compulsory nonsuit. Fullman did not move to remove the compulsory nonsuit but instead filed two notices of appeal. This Court quashed the appeal filed at case number 2781 EDA 2023, finding it premature as it concerned the denial of his request for a continuance, which is not a final appealable order. **See** Order, 4/12/24, at 1 (unnumbered). This Court dismissed the appeal filed at case number 2782 EDA 2023 as waived, because Fullman failed to file a post-trial motion. **See** Order, 1/29/24, at 1 (unnumbered).

In May 2024, Fullman filed a motion for leave to file post-trial motions *nunc pro tunc*, which the trial court denied. The instant appeal followed.[3]

On appeal, Fullman raises fourteen issues, few of which bear any relation to the appealed-from order. **See** Fullman's Brief at 1-2.

_____

[2] Fullman successfully petitioned in 2021 to remove Laurel Medical Management Group as a party to this action. Consequently, it is not a participant in the instant appeal.

[3] The trial court did not order Fullman to file a Rule 1925(b) statement and did not issue an opinion.

- 2 -

Fullman challenges the denial of his request to file post-trial motions *nunc pro tunc*. We have long held:

> [w]e review the trial court's denial of [an a]ppellant's motion for leave to file post-trial motions *nunc pro tunc* under an abuse of discretion standard. The trial court is vested with broad discretion to permit a post-trial motion *nunc pro tunc*, and this Court has consistently refused to entertain appeals from orders or verdicts following non[-]jury trials in actions at law when no post-trial motions have been filed. The trial court may grant *nunc pro tunc* relief: (1) where the appellant demonstrates that a late filing was the result of non-negligent circumstances, that the request for *nunc pro tunc* relief was made shortly after the relevant deadline passed, and that relief would not prejudice the other party; (2) where a breakdown in court operations occurred; or (3) where fraud has been established.

*Carr v. Michuck*, 234 A.3d 797, 802 (Pa. Super. 2020) (internal quotation marks and citations omitted).

After a thorough review of the trial court order, briefs, and certified record, Fullman has not met this standard. He argues he was proceeding *pro se* and was given incorrect information from the trial court and/or court personnel refused to tell him how to litigate his case. *See* Fullman's Brief at 6. However, our courts have long reiterated that a litigant appearing *pro se* assumes the risk that his lack of expertise will prove his undoing. *See Peters Creek Sanitary Authority v. Welch*, 681 A.2d 167, 170 n. 5 (Pa. 1996); *Whittington v. Daniels*, 332 A.3d 102, 112 (Pa. Super. 2025); *Smith v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760 (Pa. Super. 2021);

*Elliot-Greenleaf, P.C. v. Rothstein*, 255 A.3d 539, 542 (Pa. Super. 2021).

Thus, we affirm the order of the trial court.

Order affirmed.  Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/2/2025