831 A.2d 140

**Luis CLAUDIO and Sexta Claudio, Individually and as his Wife,**

**v.**

**DEAN MACHINE COMPANY, Incorporated; Burton Industries, American Steel Line, Inc.; North American Brass, Inc.; and Hannum Electric Co.**

**Appeal of Dean Machine, Inc.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 2002.

Decided Feb. 11, 2003.

Reargument Denied April 11, 2003.

———

David E. Edwards, Joseph V. Pinto, John A. Orlando, Philadelphia, for Dean Machine Company, Inc.

John B. Day, James J. DeMarco, Philadelphia, for Claudio, Luis and Sexta Claudia, Individually and as his wife.

Before ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## OPINION

Justice NEWMAN.

We granted allocatur in this case to consider whether a trial court can, pursuant to Pennsylvania Rule of Civil Procedure 227.1 [relating to Post–Trial Relief], conduct a post-trial evidentiary hearing and grant post-trial relief to correct an error when the error alleged is attributable, not to the court, but to the party seeking relief. For the reasons discussed herein, we hold that Rule 227.1 is not a vehicle by which a trial court can correct an error of a party.

## FACTS AND PROCEDURAL HISTORY

On December 22, 1997, Luis Claudio (Claudio) and Sexta Claudio (Sexta), his wife (collectively, "the Claudios"), filed suit against Dean Machine Company (DMC), as well as other defendants that are no longer parties to the action. The Claudios alleged that, on January 24, 1996, Luis was operating a coil slitter machine in the course of his employment at Williams & Co., located in Exton, Pennsylvania, when the machine malfunctioned, causing severe injuries to his hand, which led doctors to amputate four fingers. In their Complaint before the Court of Common Pleas of Philadelphia

County (trial court), the Claudios averred that DMC, in conjunction with the other defendants, manufactured, designed, marketed, and sold the defective coil slitter machine to Williams & Co. The Claudios filed claims of negligence, breach of warranty, strict products liability, and loss of consortium.

On February 19, 1998, Dean Machine, Inc. (DMI) filed an Answer and New Matter, averring that it had been incorrectly designated as "Dean Machine Company" in the Complaint.[1] In its Answer and New Matter, DMI presented evidence of the following: George H. Dean owned DMC and changed the name of DMC to GHD, Inc. on August 22, 1988. On that same date, David Maynard (Maynard) and Paul Caito (Caito) entered into an equipment lease agreement with GHD, Inc., for certain machinery and equipment. On December 18, 1989, Maynard and Caito incorporated into DMI. DMI further averred that: (1) DMC had sold the subject coil slitter to Williams & Co. at least ten years before the inception of the lease agreement between Maynard and Caito and GHD, Inc.; (2) at no time did Maynard, Caito, or DMI ever agree to assume any assets or liabilities of DMC and never purchased the assets of DMC; and (3) neither Maynard, nor Caito, nor DMI ever assumed any ownership interests in any machinery or equipment owned by either DMC or GHD, Inc. As noted by the Superior Court, throughout the litigation, the law firm of Viletto, Bosniak & Ross filed pleadings on behalf of both DMI and DMC.

On October 4, 1999, DMI filed a Motion for Summary Judgment. The trial court denied the Motion for Summary Judgment on October 22, 1999. Shortly before trial was scheduled to commence, DMI filed a motion *in limine* to preclude the Claudios from presenting any evidence against DMI, on the ground that the Claudios had signed a stipulation to dismiss DMI from the case. The trial court denied this motion on February 18, 2000, the date on which the trial commenced. On February 16, 2000, two days earlier, the

1. The Complaint was served on DMI at its Cranston, Rhode Island location, even though the Complaint was addressed to DMC in Warwick, Rhode Island.

Claudios had filed a motion to amend the caption to substitute DMI for DMC. On February 18, 2000, the following exchange regarding that motion took place on the record:

The Court: There is a motion to amend the complaint to add as a defendant Dean Machine, Inc., which was filed when? Today, sir?

Counsel for the Claudios: I believe Wednesday, Your Honor.

The Court: Wednesday. That's denied as well.

Counsel for the Claudios: But the motion, Your Honor, was to change the caption, the name of the defendant.

The Court: Right. That's denied.

Notes of Testimony (N.T.), 2/18/2000, at 2.

Pursuant to a pre-trial stipulation, DMC had admitted liability, so trial proceeded on the issue of damages only.[2] On February 22, 2000, the Claudios submitted into evidence the portion of DMI's original Answer and New Matter that discussed the relationship between DMI and DMC, to indicate that DMI should be the party-defendant, not DMC. While DMI had originally submitted this information to establish that it had no liability for the incident, the trial court permitted the Claudios to move this material into evidence for the purpose of building a record to support the previously denied motion to amend the caption. At the request of counsel for DMC, the trial court admitted the entire Answer and New Matter filed by DMI into evidence.

On February 22, 2000, the jury entered a verdict for $2.5 million in favor of Luis and $150,000 in favor of Sexta. The jury rendered both verdicts against DMC. On February 24, 2000, the Claudios filed a post-trial motion to amend the caption and mold the verdict to enter judgment against DMI. On June 8, 2000, the trial court held oral argument on the motion to amend the caption, where the Claudios and DMC debated the issue of successor liability. The trial court grant-

2. At this point, the case was proceeding against DMC only. DMC admitted to liability, whereas DMI had previously denied liability because DMI claimed to not be the same corporate entity as DMC.

ed a continuance to allow the parties to present evidence on this issue, during which period counsel for the Claudios traveled to Rhode Island to depose Albert Saunders, Esq. (Saunders), former counsel to DMC, and Maynard, one of the principals of DMI. On July 19, 2000, the trial court concluded the argument, granted the motion of the Claudios to substitute DMI for DMC as the "proper defendant," and molded the verdict to impose liability on DMI. The court reasoned that "the amendment does not add a new party because [DMI] is the successor corporation of [DMC]. Post-trial evidence has demonstrated that this case falls under the 'continuity of enterprise' exception to the general rule of successor liability." *Claudio v. Dean Machine Company*, No. 3157 December Term 1997, slip op. at 4 (C.P.Pa. July 19, 2000) (Trial Court Opinion I). In its Rule 1925(a) opinion, the trial court stated that "it may have allowed" amendment of the caption before trial if the Claudios had presented the depositions of Saunders and Maynard at that time. *Claudio v. Dean Machine Company*, No. 3157 December Term 1997, slip op. at 2 (C.P.Pa. November 21, 2000) (Trial Court Opinion II).

Also on February 24, 2000, the Claudios filed a motion for delay damages against DMI. DMI filed an Answer and New Matter, contending that the verdict and any delay damages should be reduced because of a settlement agreement entered into by the Claudios and Hannum Electric Company (Hannum), one of the original defendants. The trial court denied the motion and added delay damages of $266,899.48 against DMI, reasoning as follows:

Here, [the Claudios] argue that if DMI is to obtain a reduction of the jury's verdict under the contractual agreement between [the Claudios] and Hannom [sic] then it was the responsibility of defense counsel to require the Court to submit that issue to the jury for factual determination in its verdict. However, DMI chose not to participate in the defense of this case and, in fact, stipulated as to liability. In accordance with that stipulation, this Court finds that DMI

is responsible for 100% of the verdict as to both negligence and strict liability.

Trial Court Opinion I, slip op. at 16.

In a published opinion, *Claudio v. Dean Machine Company,* 786 A.2d 224 (Pa.Super.2001) (*Claudio*), the Superior Court vacated the judgment of the trial court and remanded for a new trial. The Superior Court determined that the trial court acted properly when it amended the caption and molded the verdict to substitute DMI as the proper defendant. "[W]e see no abuse of discretion in the court's decision to hold an evidentiary hearing to determine whether DMI was the successor corporation to DMC. This hearing served the goals of correcting pretrial errors and allowing liberal amendment to the pleadings in order to ensure that the case proceeds against the proper party." *Id.* at 232. However, the Superior Court concluded that "[o]nce the trial court recognized that DMI should have been a party to the litigation as a successor to DMC, the proper course of action in the interest of justice would have been to grant a new trial." *Id.* The court reasoned that "molding the verdict **after** the hearing ... prejudiced DMI by imposing a substantial judgment on an entity which was not a party to the action and, therefore, had no opportunity to defend itself at trial." *Id.* (emphasis in original).

Judge Johnson dissented, arguing that the trial court overstepped its bounds when it conducted a post-trial evidentiary hearing. He stated that he would vacate the judgment of the trial court and reinstate the verdict of the jury, subject to application of the *pro rata* release executed between the Claudios and Hannum. This would have the effect of entering judgment against DMC and preventing the Claudios from collecting any portion of the judgment from DMI. Judge Johnson reasoned that the Rules of Civil Procedure only contemplate post-trial relief when the trial court has erred in an earlier decision; in this case, he opined, the error was attributable to the Claudios, who "failed to provide evidence sufficient to support a decision in their favor" before or during trial, even though they had the ability to do so. *Id.* at 236 (Johnson, J., in dissent) (emphasis in original omitted). "Er-

ror of a party is simply not cognizable as a basis for relief under Rule 227.1, and the trial court is not empowered to use the Rule for that purpose." *Id.*

## DISCUSSION

■■■■ DMI contends on appeal that the Superior Court erred by permitting an evidentiary hearing to determine whether DMI was the successor corporation of DMC and, based on that evidentiary hearing, awarding the Claudios a new trial against DMI. Pennsylvania Rule of Civil Procedure 227.1, which governs the granting of post-trial relief, provides in relevant part as follows:

> (a) After trial and upon the written Motion for Post–Trial Relief filed by any party, the court may: (1) order a new trial as to all or any of the issues; or (2) direct the entry of judgment in favor of any party; or (3) remove a nonsuit; or (4) affirm, modify or change the decision or decree nisi; or (5) enter any other appropriate order.

> (b) Post-trial relief may not be granted unless the grounds therefor, (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial. . . .

Pa.R.Civ.P. 227.1.

The Claudios filed a pre-trial motion to amend the caption, pursuant to Pennsylvania Rule of Civil Procedure 1033, to substitute DMI for DMC as a defendant. Rule 1033 provides as follows:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.Civ.P. 1033. The trial court denied this motion on February 18, 2000. Because DMC admitted liability, there was a trial limited to damages. After a $2.6 million verdict was entered in favor of the Claudios against DMC, they renewed their motion to amend the caption in the form of a motion for post-trial relief pursuant to Rule 227.1. On this occasion, the trial court permitted an evidentiary hearing, during which the Claudios submitted the deposition testimony of Saunders and Maynard into evidence. With the benefit of these depositions, the trial court granted the Claudios request for post-trial relief and amended the caption, noting, however, that "it may have allowed" amendment of the caption before trial if the Claudios had presented the depositions at that time. Trial Court Opinion II, slip op. at 2.[3]

On appeal to this Court DMI contends that the trial court erred in conducting a post-trial evidentiary hearing and granting a new trial. DMI cites to a litany of sources to support the proposition that "[t]he purpose of Rule 227.1(b) is to provide the trial court with an opportunity to review and reconsider its earlier rulings and correct **its own error**." *Soderberg v. Weisel*, 455 Pa.Super. 158, 687 A.2d 839, 845 (1997) (emphasis added). *See, e.g., American Association of Meat Processors v. Casualty Reciprocal Exchange*, 527 Pa. 59, 588 A.2d 491, 495 (1991) ("the purpose of the rule is to give the trial court the opportunity to correct **its own error**") (emphasis added); *Chalkey v. Roush*, 757 A.2d 972 (Pa.Super.2000) (same as *Soderberg* ), *aff'd*, 569 Pa. 462, 805 A.2d 491 (2002); *Meeting House Lane, Ltd. v. Melso*, 427 Pa.Super. 118, 628 A.2d 854 (1993) (same), *petition for allowance of appeal denied*, 537 Pa. 633, 642 A.2d 486 (1994); *Taylor v. Celotex Corp.*, 393 Pa.Super. 566, 574 A.2d 1084 (1990) (same); 1 Goodrich Amram 2d § 227.1:1 (same). *See also Riccio v. American Republic Insurance Co.*, 550 Pa. 254, 705 A.2d 422,

---

**3.** The trial court amended the caption to substitute DMI for DMC and, thereafter, molded the verdict to impose liability on DMI, finding that DMI was the successor corporation to DMC. The Superior Court rejected the molding, concluding that the determination of the trial court in this regard "prejudiced DMI by imposing a substantial judgment on an entity which was not a party to the action and, therefore, had no opportunity to defend itself at trial." *Claudio*, 786 A.2d at 232.

426 (1997) ("[t]o ... not allow a judge deciding post-trial motions to overrule legal errors made during the trial process (whether made by the reviewing judge or another judge who presided over the trial) would render the post-trial motion rules meaningless and the post-trial motion process would become nothing more than an exercise in futility"); *In re J.J.F.*, 729 A.2d 79, 82 (Pa.Super.1999) (the purpose of Rule 227.1 "is straightforward: it 'allows the court an opportunity to correct any errors that it may have made prior to the entry of the final decree' ") (citation omitted); *In re Adoption of C.R.V.*, 408 Pa.Super. 386, 596 A.2d 1141, 1142 (1991) (same).

The opinion of the trial court establishes that the court did not grant post-trial relief to the Claudios to correct an error that it had made before or during trial. Rather, the court indicated that the error at trial was attributable to the Claudios, finding that it may have allowed amendment to the caption before trial if the Claudios had presented the deposition testimony of Saunders and Maynard. As Judge Johnson notes in his dissent, this discussion "establishes not that [the trial court] misconstrued the evidence adduced in support of the [Claudios'] request to amend the caption, **but that the plaintiffs failed to provide evidence sufficient to support a decision in their favor.**" *Claudio*, 786 A.2d at 236 (Johnson, J., in dissent) (emphasis in original). The failure of a party to present sufficient evidence before or during trial to support a decision in that party's favor cannot be cured by a motion filed pursuant to Rule 227.1. To hold otherwise would contravene the efficient administration of justice in this Commonwealth. *See Reilly v. Southeastern Pennsylvania Transportation Authority*, 507 Pa. 204, 489 A.2d 1291, 1301 (1985) ("[l]itigants are given their opportunity to present their cause and once that opportunity has passed, we are loathe to reopen the controversy for another airing, save for the greatest of need. This must be so for the security of the bench and the successful administration of justice").

We have created a common law exception to this general rule, namely where new evidence has been discovered after trial. In *Der Hagopian v. Eskandarian*, 396 Pa. 401,

153 A.2d 897 (1959), *cert. denied,* 361 U.S. 938, 80 S.Ct. 381, 4 L.Ed.2d 358 (1960), we held that "after-discovered evidence, to justify a new trial, must have been discovered after the trial, be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result." *Id.* at 901. A court should not grant a new trial based on after-discovered evidence unless the proponent can "convincingly show that he was unable to obtain such testimony for the trial by use of reasonable diligence." *Higbee v. Koziol,* 383 Pa. 116, 117 A.2d 707, 709 (1955). In the case *sub judice,* the Claudios have not established that the evidence they presented to the trial court after trial could not have been presented to the trial court in their pre-trial motion to amend the caption. In fact, they do not even argue that they could not have obtained this evidence before trial.[4]

■ The trial court did not commit an error, based on the information available to it at the time, in rejecting the pre-trial motion of the Claudios to amend the caption. Additionally, the Claudios have failed to establish or even argue that the deposition testimony they submitted to the court during the post-trial hearings was not available through the exercise of due diligence prior to trial. Therefore, the Claudios were not entitled to post-trial relief pursuant to Rule 227.1. In certain situations, it may be proper for a trial court to permit a post-trial evidentiary hearing to determine if new evidence offered in support of a post-trial motion constitutes after-discovered evidence. However, where the new evidence cannot be characterized as after-discovered evidence, such an evidentiary hearing is not contemplated by the rules. Accordingly, the trial court erred in granting an evidentiary hearing under the guise of Rule 227.1(a)(5).

4. The Claudios contend that DMI deliberately misrepresented to the trial court how it came to obtain all of the assets of DMC. However, as Judge Johnson notes in his Superior Court dissent, the Claudios do not demonstrate why they could not have deposed Saunders and Maynard before trial, especially in light of the fact that DMI made the allegedly false responses in February of 1998, almost two years before the Claudios filed their **pre-trial** motion to amend the caption. *See Claudio,* 786 A.2d at 237 (Johnson, J., in dissent).

The Claudios submit that, even in light of the above discussion, Rule 1033 permits them to amend the caption "at any time" to "correct the name of a party." Pa.R.Civ.P. 1033. The courts of this Commonwealth have been very liberal in allowing amendments to the caption to change the name of a party at any time, including after judgment, *Russeck v. Shapiro*, 170 Pa.Super. 89, 84 A.2d 514 (1951), on appeal, *In re Francis Edward McGillick Foundation*, 406 Pa.Super. 249, 594 A.2d 322 (1991), *reversed on other grounds*, 537 Pa. 194, 642 A.2d 467 (1994), and even on remand after an appeal, *Power v. Grogan*, 232 Pa. 387, 81 A. 416 (1911). *See also* Standard Pennsylvania Practice 2d § 24.69. However, our jurisprudence makes it equally clear that Rule 1033 cannot be utilized to add or substitute a new party. *Hoare v. Bell Telephone Co.*, 509 Pa. 57, 500 A.2d 1112 (1985); *Paulish v. Bakaitis*, 442 Pa. 434, 275 A.2d 318 (1971) (called into question on other grounds); *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A.2d 73, 76 (1947) ("[t]he question for determination is whether the right party was sued but under a wrong designation, or whether a wrong party was sued and the amendment was designed to substitute another and distinct party"). *See also* Goodrich Amram 2d § 1033.20 ("[a]n amendment which is ostensibly for the purpose of correcting the name of a party, but which has the effect of substituting a new party where the plaintiff has sued the wrong party is generally prohibited"); Standard Pennsylvania Practice 2d § 24.68.

In the present case, the record reveals that the evidence before the trial court at the time the Claudios filed their pretrial motion to amend the caption was limited to the Answer and New Matter filed by DMI in which DMI explained the relationship between itself and DMC. Based on this evidence, the trial court properly determined that DMI and DMC were not the same entity and, accordingly, refused to amend the caption. As we cannot consider any evidence presented by the Claudios in their post-trial motion, we cannot say that the trial court erred in rejecting the Claudios' pre-trial motion. Thus, the Superior Court incorrectly upheld the Order of the

trial court to amend the caption. Based upon our determination that the trial court erred in amending the caption, we need not reach the propriety of granting a new trial against DMI, as DMI was not a defendant against whom the jury rendered its verdict.

## CONCLUSION

In accordance with the foregoing discussion, we reverse the Order of the Superior Court and remand the matter to the Superior Court to remand the matter to the trial court with instructions to reinstate the jury verdict and enter judgment against DMC.

Former Chief Justice ZAPPALA did not participate in the decision of this case.