J-S82031-18

2019 PA Super 89

| METRO REAL ESTATE INVESTMENT, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| DEANDRE BEMBRY, | : | |
| Appellant | : | No. 1092 EDA 2018 |

Appeal from the Judgment Entered March 2, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  July Term, 2016 Civil Action No. 02370

BEFORE:   LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.:                    **FILED MARCH 25, 2019**

Deandre Bembry appeals from the judgment entered on March 2, 2018, which awarded $27,000 in damages to Metro Real Estate Investment, LLC (Metro) and against Bembry after a non-jury trial.  Upon review, we vacate the judgment.

The trial court offers the following background.

> On May 11, 2015, [] Michael Siaway, [] Bembry[,] and Jai Williams [(Lessees)] entered into a one-year written residential lease agreement with [Metro] for a property located at 5432 Euclid Street ("the Property").  The lease agreement stated that it would automatically renew for one year on May 31, 2016 unless sixty (60) days written notice was given.  The lease agreement required a $3,000 security deposit and monthly rent of $1,500. [Lessees] were responsible to pay for gas, electricity, water, and any fines related to snow or trash removal.
>
> In March 2016, [Lessees] stopped paying the water bill and rent.  On May 4, 2016, [Metro] issued a letter detailing [Lessees'] breach of the lease agreement.  On May 17, 2016, [Metro] filed a [L]andlord[-T]enant complaint in Philadelphia

_____
*   Retired Senior Judge assigned to the Superior Court.

J-S82031-18

Municipal Court (Docket Number LT-16-05-17-4474) seeking unpaid rent, unpaid water and sewage bills, reimbursement for [the] Property related citations, and attorney's fees [(Municipal Court Case)]. [Lessees] vacated the [P]roperty in May 2016 and did not return keys to [Metro].

A Landlord-Tenant hearing was scheduled for June 8, 2016 in Municipal Court. [Lessees] failed to appear and a default judgment in favor of [Metro] in the amount of $7,371.89 plus additional court costs was entered. [Metro] was granted possession on the basis of non-payment of rent and termination of the lease term.

Shortly after the June 8, 2016 Landlord-Tenant hearing, [Metro] received notice that [Lessees] vacated the [P]roperty. Upon entry, [Metro] found significant damage to the Property. [Metro] filed [its] complaint in the Philadelphia Court of Common Pleas on July 22, 2016 alleging one count of breach of contract and one count of negligence [(Common Pleas Case)].

On July 7, 2016, [] Bembry petitioned the Municipal Court to open the default judgment [in the Municipal Court Case]. On August 15, 2016, [] Bembry's petition was denied. On September 13, 2016, [] Bembry appealed to the Court of Common Pleas and, on December 1, 2016, the [Municipal Court Case] was remanded to Municipal Court for a hearing on the merits.

On January 5, 2017, a Municipal Court hearing was held before the Honorable Bradley Moss [in the Municipal Court Case]. [] Bembry participated via telephone. Judge Moss vacated the June 8, 2016 default judgment and rendered a judgment of $4,287.78 in favor of [Metro] consisting of: $2,250 in unpaid rent for half of May and all of June 2016; attorney fees for $1,000; an unpaid water bill of $659; $100 for Property-related citations and $128 in court costs. Judge Moss did not award additional rent because [Metro] was able to take possession of the Property in June 2016. The Municipal Court [Case] judgment was not appealed.

A non-jury trial was held in the Court of Common Pleas on August 7, 2017[ in the Common Pleas Case.] [Lessee] Michael Siaway was dismissed due to inadequate service. At trial, [Metro] alleged that the damage caused by [Lessees] and the

- 2 -

need to make repairs resulted in [Metro] suffering "significant economic losses, including but not limited to: loss of rent and repair cost."

On August [9], 2017, the [trial court] submitted findings of fact and conclusions of law stating that [Lessees] did not provide written notice of their intent to terminate the lease within 60 days of the end of the lease, i.e., May 31, 2016, as required. The [trial court] awarded [Metro] $30,000, consisting of $12,500 for property damage, $15,000 for lost rent, $2,500 for attorney fees, minus $3,000 in security deposit paid by [Lessees] for a total amount of $27,000.

Trial Court Opinion, 6/29/2018, at 1-3 (unnecessary capitalization and parentheticals omitted, numbers modified).

Bembry timely filed a post-trial motion. An argument was held on November 6, 2017, and on November 9, 2017, the trial court denied that motion. Bembry timely filed a notice of appeal in the Common Pleas Case.[1] Both Bembry and the trial court complied with Pa.R.A.P. 1925.

On appeal, Bembry sets forth two issues for our review.

1. Did the [trial] court err by awarding judgment to [Metro] for unpaid rent where the same claim litigated by the same parties was denied in [the Municipal Court Case]?

2. Did the [trial] court abuse its discretion when it allowed Metro to introduce [53] photographs at trial where Metro failed to disclose the photographs despite a discovery request and did not disclose them until mid-trial?

_____

[1] Bembry did not enter judgment prior to filing an appeal. This Court remanded the case for entry of judgment, and on March 2, 2018, judgment was entered in favor of Metro and against Bembry.

Bembry's Brief at 3 (suggested answers omitted).[2]

We begin with our standard of review.

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue ... concerns a question of law, our scope of review is plenary.

The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

***Stephan v. Waldron Elec. Heating & Cooling LLC***, 100 A.3d 660, 664–65 (Pa. Super. 2014) (quoting ***Wyatt, Inc. v. Citizens Bank of Pennsylvania***, 976 A.2d 557, 564 (Pa. Super. 2009) (internal citations omitted)).

Bembry first claims that the trial court erred as a matter of law in concluding that Metro's claim for lost rent was not barred by the doctrines of *res judicata* and collateral estoppel. Bembry's Brief at 7-10. Bembry argues that Metro had a claim for unpaid rent in the Municipal Court Case, which was litigated, decided, and not appealed. Thus, Bembry claims that Metro

_____

[2] Metro has not filed a brief on appeal.

could not get "a second bite of the apple with respect to its unpaid rent claim" in the Common Pleas Case. *Id*. at 10.

Pennsylvania law provides that the Philadelphia Municipal Court and Court of Common Pleas retain concurrent jurisdiction in landlord-tenant matters. *See* 42 Pa.C.S. § 1123(b). In other words, a party in a landlord-tenant action may institute a matter in either the Philadelphia Municipal Court **or** the Court of Common Pleas. Here, Metro instituted actions in **both** courts,[3] which has created the problem this Court is now called upon to resolve.

> Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies. The doctrine therefore forbids further litigation on all matters which **might have been raised and decided in the former suit**, as well as those which were actually raised therein.

*Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 286 (Pa. Super. 2016) (internal citations and quotation marks omitted; emphasis added). "The doctrine has application where the following are present: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of persons or parties to the actions; and (4) identity of the quality or

---

[3] As noted *supra*, on May 22, 2016, Metro filed a landlord-tenant claim in the Philadelphia Municipal Court, and judgment was entered against Bembry on June 8, 2016. On July 7, 2016, Bembry timely filed a petition to open that judgment. Nevertheless, two weeks later, Metro filed *pro se* a new action on the same lease in the Court of Common Pleas.

capacity of the parties suing or sued." ***Rearick v. Elderton State Bank***, 97 A.3d 374, 380 (Pa. Super. 2014).

Instantly, the trial court concluded that the damages sought in the Common Pleas Case "were not identical or essential to the judgment rendered" in the Municipal Court Case.[4] Trial Court Opinion, 6/29/2018, at 7. Specifically, the trial court pointed out that the Municipal Court Case "was limited to unpaid bills, rent for which [Lessees] were contractually responsible, and citations." ***Id***. The trial court concluded the damages in the Common Pleas Case were different because they were sought after "[Metro] discovered the damage to the Property and sought compensation for repair and lost rent" resulting from that damage. ***Id***. at 6.

This conclusion was erroneous as a matter of law. Even if the trial court were correct that the damages sought were different, there is no

_____

[4] The trial court also suggests that Bembry waived this issue by failing to produce the January 5, 2017 Municipal Court Case hearing transcript at trial. Trial Court Opinion, 6/29/2018, at 6. There is no question that Bembry produced the transcript itself for the first time in a motion for post-trial relief. We agree with the trial court that we cannot consider this transcript because evidence cannot be presented for the first time in a post-trial motion. ***See Claudio v. Dean Machine Co.***, 831 A.2d 140 (Pa. 2003) (holding a party cannot use a post-trial motion to introduce evidence it should have but failed to introduce at trial). However, for the reasons discussed *infra*, this defect is not fatal to Bembry's claim. Furthermore, Bembry properly raised the issue of *res judicata* in the answer and new matter to the complaint, and this matter was discussed and argued extensively at the non-jury trial. ***See*** N.T., 8/7/2017, at 5-13; 121-31. Additionally, we would be remiss not to point out that at the argument on post-trial relief, the trial court stated that it "took the opportunity to look at the [Municipal Court Case] transcript." N.T., 11/6/2017, at 28.

question that the claims could have been raised and those damages sought in the Municipal Court Case.[5]  The Municipal Court Case was even still pending at the time Metro instituted the Common Pleas Case.[6]  Metro had many options available to it to present properly its claims, including the amending of its complaint in the Municipal Court Case or the filing of the Common Pleas Case in the Municipal Court then consolidating the two. Metro's decision to choose to pursue a wholly separate cause of action in a different court is exactly the type of harm that the doctrine of *res judicata* is designed to prevent. **See Clark v. Troutman**, 502 A.2d 137, 139 (Pa. 1985) ("The purposes of the rule are the protection of litigants from the dual burden of relitigating an issue with the same party or his privy and the promotion of judicial economy through prevention of needless litigation."); **Pollock v. National Football League**, 171 A.3d 773, 782 (Pa. Super. 2017) (noting that the policy behind *res judicata* is "the idea that a party should not get a second bite at the apple when he or she has had a full and fair opportunity the first time").  Based on the foregoing, we agree with Bembry that Metro's second action was barred by *res judicata*.

---

[5] In fact, the Philadelphia Municipal Court is specifically permitted to enter judgments in excess of $5,000 in landlord-tenant cases. **See** 42 Pa.C.S. § 1123(a)(3).

[6] As noted *supra*, Metro filed the Common Pleas Case after Bembry petitioned to open the default judgment in the Municipal Court Case, but before that petition was initially denied in the Municipal Court.

Judgment vacated. Order denying post-trial relief reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/19