J-A28020-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| ENIO ESTEBAN AND KIMBERLY ESTEBAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANE M. LALONE | : | |
| | : | No. 1578 WDA 2019 |
| Appellant | : | |

Appeal from the Judgment Entered November 8, 2019
In the Court of Common Pleas of Cambria County Civil Division at No(s): 2015-3197

BEFORE: OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                 FILED FEBRUARY 05, 2021

Lane M. LaLone (Seller) appeals pro se from the judgment entered on November 8, 2019 in this breach of contract case.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history.  See Trial Court Opinion, 1/21/20, at 1-3 and 5-

_____

[1] Seller purports to appeal from the order denying his post-trial motions. However, an appeal does not lie from the denial of post-trial motions. Jackson v. Kassab, 812 A.2d 1233, 1233 n.1 (Pa. Super. 2002).  We have corrected the caption to reflect the entry of judgment.  Also, although Seller filed his appeal on October 21, 2019, prior to the entry of judgment, "appellate jurisdiction may be perfected after the notice of appeal has been filed, upon docketing of a final judgment."  See Reuter v. Citizens & Northern Bank, 599 A.2d 673, 676 (Pa. Super. 1991); Arcadia Co., Inc. v. Peles, 576 A.2d 1114 (Pa. Super. 1990).

10.   In sum, this case arises from a "rent-to-own" contract entered into between Seller and Appellees, Enio and Kimberly Esteban (Purchasers), for a home in Johnstown, Pennsylvania.  The trial court convened a non-jury trial on March 28, 2019.  On August 29, 2019, the trial court entered a verdict in favor of Purchasers.  Seller filed post-trial motions on September 9, 2019, which the trial court denied on September 19, 2019.  This timely appeal followed.[2]

Seller presents the following issues[3]:

I.   Was the Seller under a real estate installment contract obligated to stay current on the mortgage payments for the subject residence a breach of contract that permitted the [Purchasers] to unilaterally terminate the contract?

II.   Did [Purchasers] sufficiently prove that [Seller] acted made fraudulent [sic] or negligent misrepresentations?

_____

[2] Seller and the trial court have complied with Pennsylvania Rule of Civil Procedure 1925(b).  However, Seller's three-page 13-issue Rule 1925(b) concise statement is not concise.  See Pennsylvania Rule of Appellate Procedure 1925(b)(4); see also Kanter v. Epstein, 866 A.2d 394, 401 (Pa. Super. 2004) (waiving prolix Rule 1925(b) statement where court determined that "outrageous number of issues" was deliberate attempt to circumvent purpose of Rule 1925).  While we could find that Seller waived his appellate issues, we decline to do so because the trial court thoroughly addressed them in its opinion.

[3] Seller addresses his four issues under nine headings, contrary to our rules of appellate procedure.  See Seller's Brief at 8-30; see also Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]").  The discrepancy does not hamper our review.  See Donahue v. Fed. Express Corp., 753 A.2d 238, 241 n.3 (Pa. Super. 2000).

III.    Did the trial court err in awarding damages to the [Purchasers] when the [Purchasers] abandoned the property and failed to fulfill their obligations under the contract?

IV.    Is the verdict, amount of damages and/or remedy, as determined by the trial court fair, equitable, and consistent with the evidence when it fails to account for the fact that [Purchasers] under the real estate installment sale contract resided in the subject residence for a period of 98 months, January 1, 2007 through March of 2015, and failed to assess the corresponding benefit conferred upon the [Purchasers] by residing in the residence?

Seller's Brief at 3-4 (unnecessary capitalization omitted).

At the outset, we recognize:

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue . . . concerns a question of law, our scope of review is plenary.

Metro Real Estate Investment, LLC v. Bembry, 207 A.3d 336, 339 (Pa. Super. 2019) (citations omitted). Further, the "credibility of witnesses is an issue to be determined by the trier of fact. On appeal, this Court will not revisit the trial court's determinations regarding the credibility of the parties." Garwood v. Ameriprise Financial, Inc., 240 A.3d 945, 948 (Pa. Super. 2020) (citations omitted). Finally,

[t]he interpretation of any contract is a question of law and this Court's scope of review is plenary. Moreover, we need not defer

to the conclusions of the trial court and are free to draw our own inferences. In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement. When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding. This Court must construe the contract only as written and may not modify the plain meaning under the guise of interpretation.

EMC Morg., LLC v. Biddle, 114 A.3d 1057, 1068 (Pa. Super. 2015) (citation omitted).

Upon review, we find the record supports the trial courts factual findings, including that:

Seller made misrepresentations that were material and made falsely, with knowledge of their falsity, and/or with recklessness as to their truth or falsity. Specifically, Seller misrepresented to Purchasers that he would timely pay the mortgage delinquency using their $15,000 balloon payment in accordance with the [parties'] Contract and Amendment.

From the time the parties entered the Contract on January 5, 2007, Purchasers endured the pressures of two posted Sheriff's sales for delinquent taxes and one mortgage foreclosure. All the while, Purchasers dutifully made their monthly payments and even acquiesced to a $15,000 balloon payment to cure Seller's mortgage deficiency. Seller's misrepresentations induced Purchasers to take these actions.

. . . Purchasers entered into the Contract to obtain ownership of the property. Although the property was not sold in foreclosure, Purchasers were faced with the stark reality that Seller continually failed to apply their payments to the taxes and the mortgage on the Property. After 7½ years of timely payments, Purchasers had no confidence that the Property would not be taken from them in foreclosure or Sheriff's sale. Consequently, Purchasers believed they had no choice but to leave the Property. As a result, all of the monies they paid to own the Property were lost; thus, their resulting injury.

Trial Ct. Op., at 22-23 (record citations omitted).

After careful consideration, we conclude that the well-reasoned opinion authored by the Honorable Linda Rovder Fleming, sitting as the trial court, thoroughly and capably explains why Seller's issues lack merit. As further factual and legal commentary by this Court would be redundant, we adopt Judge Fleming's opinion as our own in disposing of this appeal.[4] See Trial Ct. Op., at 10-25 (addressing Seller's myriad issues and finding: (1) Seller breached the Contract and/or was unjustly enriched because Paragraph 8 of the Contract obligated him to pay off the outstanding mortgage on the property and he did not; (2) the subsequent modification of the Contract modified Purchaser's payment schedule but did not change Seller's obligation to pay the mortgage; (3) Paragraph 8 of the Contract does not provide that

---

[4] Judge Fleming found the overwhelming majority of Seller's issues waived because he failed to preserve them at trial; she nonetheless engaged in a comprehensive merits analysis. Trial Ct. Op., at 10-25. Our review confirms the waiver findings. On appeal, Seller does not address waiver. The Pennsylvania Rules of Appellate Procedure provide:

> Statement of place of raising or preservation of issues. Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.

Pa.R.A.P. 2119(e). Seller has not provided such a statement.

the exclusive remedy for breach of the Contract is for the Purchasers to pay the mortgage directly; (4) Purchasers did not waive Seller's default; (5) because of Seller's breach of the Contract, Purchasers were entitled to unilateral rescission; (6) Seller either knowingly or recklessly made misrepresentations regarding the payment of the mortgage and taxes; and (7) Purchasers were entitled to damages and Seller provided no evidence upon which to receive fair rental credit[5]).

Consistent with the foregoing, we adopt Judge Fleming's January 21, 2020 opinion as our own in deciding this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2021

_____

[5] This claim, first raised by Seller on appeal, that he is entitled to fair rental credit, is contrary to the position he advanced at trial. There, Seller argued the Contract was akin to a mortgage and he was in the position of a bank and was not a landlord; he emphasized that he was therefore not required to maintain the property in a habitable condition, and Purchasers should not have expected he would assist them with lead paint removal or mold remediation. N.T. Trial, 5/28/19, at 47-49.