J-A18019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM F. SMITH, DEBORAH A. SMITH, KATHLEEN BLASIC AND DEBORAH L. BESSETTE-PENCILLE | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : | |
| | : | No. 1508 WDA 2021 |
| | : : | |
| ROBERT DAILEY AND JOYE DAILEY | : | |

Appeal from the Judgment Entered January 21, 2022
In the Court of Common Pleas of Erie County
Civil Division at 12675-2019

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: SEPTEMBER 7, 2022**

William F. and Deborah A. Smith, Kathleen Blasic, and Deborah L. Bessette-Pencille (collectively Appellants), appeal from the judgment entered against them and in favor of Robert and Joye Dailey (collectively the Daileys).[1] After careful review, we affirm.

The trial court explained:

The dispute arises out of ownership/easement/use issues on a portion of Pinar Road in Harborcreek, PA.  [Appellants] Smith and Blasic own [real] property on Pinar Road.  [Appellant] Bessette-Pencille owns property on Schultz Drive, which is close to the

---

[1] In the caption of their brief, Appellants purport to appeal from the order of July 16, 2021, entering the trial verdict, and the order of November 22, 2022, denying their post-trial motion.  However, the appeal properly lies from the entry of judgment.  ***Jackson v. Kassab***, 812 A.2d 1233, n.1 (Pa. Super. 2002).  We have corrected the caption accordingly.

intersection of Pinar and Schultz Roads. [Appellants] filed a Civil Complaint to quiet title to an "unaccepted" portion of Pinar Road. A Declaratory Judgment action was also filed requesting that they be declared sole owners of the disputed property on Pinar Road and seeking a declaration that no easement or right-of-way exists over that portion of the road. Finally, [Appellants] are seeking damages for trespass and damages allegedly caused by the [Daileys] to [Appellants'] lawn, driveway and land.

The [Daileys] filed counterclaims in ejectment, equity, and trespass. [The Daileys] assert that all of the properties at one point in time were part of a larger tract of land owned by the Schultz family. They also allege that they have a 40-foot right-of-way over that unaccepted portion of Pinar Road and that [Appellants] should not be able to interfere with the [Daileys'] access to and use of the road.

[The Daileys'] ejectment action seeks to compel the removal of all the obstructions placed within the 40-foot right-of-way, including trees, fencing, a driveway, parked vehicles, and plowed snow. The equity action similarly seeks the removal of any objects within the right-of-way as well as a declaration that [the Daileys] and their successors have the right to use the entirety of the 40-foot wide easement over Pinar Road to access their property. The trespass action seeks damages for property and debris that were piled on a portion of property owned by [the Daileys].

A non-jury trial was held on February 16, 2021 and March 29, 2021. All parties were represented by counsel at the time. The [trial c]ourt heard testimony and received exhibits into evidence. All parties were afforded time to file post-trial briefs after the record was closed.

Trial Court Opinion, 7/16/21, at 1-2.

By opinion and order dated July 16, 2021, the trial court found against Appellants and in favor of the Daileys. The trial court made the following findings of fact:

In 1959, T.C. and Gertrude Schultz subdivided a portion of a parcel they owned in Harborcreek Township, Pennsylvania. They recorded a subdivision map depicting a number of lots for

residential use, a large tract of "remainder" retained by the Schultzes, and three streets forming a U-shape — Elmer Drive running east to west; Schultz Drive, running north to south and forming part of the boundary of the Schultz remainder; and Pinar Road, running east to west. Elmer Drive is depicted on the map terminating at the intersection with Schultz Drive. Pinar Road is depicted on the map extending west past the intersection with Schultz Drive and past the residential lots into the remainder of the Schultz property and abutting a portion of the Schultz remainder. *See* Joint Exhibit 4. The map description contains the following language:

> Know all men at these presents, that we, T.C. Schultz and Gertrude A. Schultz, owners of the property, do hereby adopt this plan as a plan to show the location and width of said streets and hereby release and dedicate the necessary land to establish the same.

Joint Ex. 4.

Lots now owned by [Appellants] William and Deborah Smith and Kathleen Blasic were part of the 1959 Schultz subdivision and are depicted on the map abutting Pinar Road. Harborcreek Township accepted Elmer Drive and Schultz Drive as well as part of Pinar Road as public streets. The portion of Pinar Road that extended west of the intersection with Schultz Drive was not accepted by the Township.

The Schultz subdivision was replotted in 1970. It created several additional lots directly west of Schultz Road from part of the Schultz remainder. [Appellant] Deborah Bessette-Pencille's lot, at the corner of Schultz and Pinar Roads, was created as part of the 1970 subdivision. [Appellant] Pencille accesses her driveway via Pinar Road. Pinar Road is depicted on the 1970 subdivision map, ending at the Schultz remainder. *See* Joint Exhibit 7.

In 1972, Gertrude Schultz conveyed the "remainder" of the Schultz property to Charles and Sandra Morgan [collectively the Morgans]. The legal description in the deed from Schultz to Morgan references an iron pipe on the south line of Pinar Road as a 40[-foot] right-of-way, and an iron pipe at the intersection of Schultz Drive as a 50[-foot] right-of-way. *See* Joint Exhibit 11. That same year, the Morgans also acquired land directly to the west of the Schultz "remainder" from the Estate of Albert C.

Hadberg.  On June 3, 1977, [the Morgans] recorded a subdivision dividing the property obtained from Schultz and Hadberg into smaller lots.  The **Morgan subdivision map** also depicts the location of Pinar Road.  *See* Joint Exhibit 11.  On June 3, 1977, the Morgans conveyed lots 1-5, as depicted on the Morgan Subdivision map, to Merle C. and Leona B. Dailey.  Lots 1, 2, and 3 are comprised of land the Morgans acquired from Schultz.  Lots 1[, 2,] and 3 abut Pinar Road.  Lots 4 and 5 are comprised of land the Morgans acquired from Hadberg.  Merle and Leona Dailey's residence was located on Lot 5.  Merle Dailey constructed an extension of Elmer Road west of Schultz Drive to serve the residence.  Merle and Leona Dailey conveyed the residence on Lot 5 to their son and daughter-in-law, [the Daileys], in 1996.  Lots 1 through 4 were conveyed from Leona Dailey to her son and daughter-in-law in 2019.  *See* Joint Exhibits 14 & 15.

Trial Court Opinion, 7/16/21, at 3-4 (emphasis in original).

In its decision, the trial court emphasized the importance of the testimony of Connie Cruz, the zoning administrator for Harborcreek Township. The court described her testimony thusly:

[Ms. Cruz stated] anytime there is a change in a land parcel's lot line, there is a subdivision.  *See* N.T., March 29, 2021 at 155.  She also explained that a "lot" is a buildable lot or a lot of record.  *See id.*  For new lot lines to become official, the property owner would need to seek official approval from the Township for a new subdivision.  *See id.* at 158.  Ms. Cruz further testified that a developer creating a subdivision now would be required to build a new road for the subdivision in order to be accepted by the Township, but that in the past "paper streets" which were depicted on subdivision maps but were never built or were not accepted by Township were common.  *See id.* at 159-60.  Ms. Cruz explained that she has always informed residents **that any lot abutting a paper street would have the right to use it to access their property**.  *See id.* at 162 & 176.  Furthermore, Harborcreek Township would not approve any subdivision that would result in a landlocked parcel.  *See id.* at 171.

Trial Court Opinion, 7/16/21, at 4 (emphasis added).

The trial court found that while the Daileys' residence on Lot 5 is currently directly accessible from Elmer Road, Lots 1, 2, and 3 are not, and are only directly accessible via the Pinar Road right-of-way.[2] *Id.* at 4-5; N.T., 3/29/21, at 88, 170, 189-90; *see also* Joint Exhibit 12. Thus, both the Daileys and their predecessors in title used the Pinar Road right-of-way to access that portion of the property, as well as Lots 4 and 5, prior to the construction of Elmer Road. Trial Court Opinion, 7/16/21, at 5; N.T., 3/29/21, at 183-85.

Consequently, in its order, the trial court directed Appellants to "remove all improvements and obstructions from the full length and width of the right[-]of[-]way over Pinar Road and restore Pinar Road to its condition prior to the erection of the improvements and obstructions." Order, 7/16/21 at 1 (unnumbered). The court also found in favor of the Daileys' right to "possess a right to utilize the full dimensions of the Pinar Road right[-]of[-]way for ingress and egress to their property." *Id.* Appellants filed a post-trial motion which the court denied in an opinion dated November 22, 2021. The trial court entered judgment on the verdict on January 21, 2022. The instant, timely appeal followed.[3]

---

[2] The record reflects Lots 4 and 5 were originally accessible only through the Pinar Road right-of-way. N.T., 3/29/21, at 183-85.

[3] The trial court did not order Appellants to file a Rule 1925(b) statement and did not author an additional opinion.

Appellants present two issues for our review:

A. Did the trial court commit an error of law in granting [the Daileys] an easement by implication over a dedicated but unaccepted portion of Pinar Road, Harborcreek Township, Erie County, Pennsylvania?

B. Did the trial court abuse its discretion in granting [the Daileys] a 40[-foot] wide easement by implication over Pinar Road, Harborcreek Township, Erie County, Pennsylvania when the grant was solely for ingress and egress to the dominant estate and the amount of width granted will cause Appellants to remove natural vegetation and other improvements?

Appellants' Brief at 17.

We begin by recognizing:

Our appellate role in cases arising from non-jury [matters] is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue ... concerns a question of law, our scope of review is plenary.

*Metro Real Estate Investment, LLC v. Bembry*, 207 A.3d 336, 339 (Pa. Super. 2019) (citations omitted). The "credibility of witnesses is an issue to be determined by the trier of fact. On appeal, this Court will not revisit the trial court's determinations regarding the credibility of the parties." *Garwood v. Ameriprise Financial, Inc.*, 240 A.3d 945, 948 (Pa. Super. 2020) (citations omitted).

- 6 -

In their first issue, Appellants contend the trial court erred in finding there was an easement by implication. Appellant's Brief at 34-46. Appellants assert:

> [T]here was no common grantor between the Schultz and Morgan Subdivisions. … Prior to the creation of the Morgan Subdivisions, [the Daileys'] lots (1 through 5) were not entirely owned by Schultz. Indeed, [the Daileys'] lots come from lands owned by Schultz (Lots 1-3 and parts of 4 and 5) as well as the Hadberg Estate (the remaining portions of Lots 4 and 5). Thus, the Morgan Subdivision is comprised of land from two grantors, not a common grantor.

Appellants' Brief at 35. Appellants also claim the parcel can be accessed without the existence of the easement. *Id.* at 43-45. Lastly, Appellants contend, "there is no evidence that Schultz, prior to conveying the remainder to Morgan, ever used the Pinar Road Extension to access the remainder." *Id.* at 45. Upon review, we disagree.

With respect to easements by implication, our Supreme Court has stated:

> An easement by reference to a map or plat[ ] is … an easement by implication. … [W]e look to the following well established principles concerning an easement by reference to a map or plat[ ]:
>
>> It is well settled that the grantee of a lot, which is sold according to a plan of lots on which streets or alleys not previously opened or projected as a public street are plotted out by the grantor, acquires an easement over those streets and alleys as a private right of property arising out of the grant, of which he cannot be deprived without compensation[.]
>
> *Cox's Inc. v. Snodgrass*, 92 A.2d 540, 541 ([Pa.] 1952). References to a plan contained in deeds make the plan a part of

- 7 -

the deed or conveyance and constitute a dedication of the streets, alleys and ways shown on the plan, to the use of the purchasers as public ways[.]  ... Where a street called for a boundary in a deed is not a highway nor dedicated to public use, the grantee does not take title in fee to the center of it, but by implication acquires an easement, or right of way, over the lands.  There is in such a case, an implied covenant that there is a way corresponding with the one described in the deed, that so far as the grantor is concerned it shall be continued and that the grantee, his heirs and assigns, shall have the benefit of it.

***Potis v. Coon***, 496 A.2d 1188, 1191-93 (Pa. 1985) (some citations and quotation marks omitted).

Pennsylvania Courts have held an easement by implication exists if the party claiming such an easement establishes three things: (1) a separation of title; (2) prior to the separation, the use giving rise to the easement was "so long continued, and so obvious or manifest, as to show that it was meant to be permanent"; and (3) the easement is "necessary to the beneficial enjoyment of the land granted or retained." ***Gurecka v. Carroll***, 155 A.3d 1071, 1076 (Pa. Super. 2017) (*en banc*) (citation omitted) (emphasis removed); ***see also Estojak v. Mazsa***, 562 A.2d 271, 274 (Pa. 1989) ("[W]here a municipality fails to accept or open a dedicated street in a plan within twenty-years, the owners of property within the plan or subdivision retain private rights of easement by implication over the unopened streets (citations omitted)).  We presume parties to a conveyance expect and intend knowable and reasonably foreseeable prior uses of the land to continue after the conveyance. ***Bucciarelli v. DeLisa***, 691 A.2d 446, 448 (Pa. 1997) (citation omitted).

Here, the trial court found an implied easement. The trial court concluded there was a common grantor, Schultz, and

> [Appellants'] argument overlooks the fact that the Schultz remainder, as depicted on the map, was property owned by and retained by the grantor of the lots in the Schultz subdivision. It was not adjoining property owned by an unrelated third party. The map shows Pinar Road extending beyond the plotted tracts into the remainder and evidences an intent to use Pinar Road to access that section of the Schultz remainder. The plan is clearly depicted, and the easement to use Pinar Road passes to subsequent owners of the property. The creation of the Hadberg and Morgan subdivisions did not extinguish the easement. The 1970 replot of the Schultz subdivision did not extinguish the easement either. Pinar Road[,] west of Schultz Drive[,] continued to abut the Schultz remainder even on the 1970 map. The [trial c]ourt does not find that the cable erected by Merle Dailey evidences an intent to abandon the easement over … Pinar Road. Defendant William Dailey testified that his father used Pinar Road occasionally over the years. Moreover, the single cable is more evidence of trying to keep people off of the property than evidence of abandoning the use of a road. It was not a permanent, immobile structure that completely precluded the use of the road and evidenced an intent to abandon it. ***See***, ***e.g.***, ***Croyle v. Dellape***, 832 A.2d 466 (Pa. Super. 2003).

Trial Court Opinion, 7/16/21, at 8.

Here, Appellants both misconstrue the record and fail to provide legal support for their claim. The Daileys, with citation to the record, state:

> There is no dispute that Schultz owned all of the property that is at issue in this case, including Dailey Lots 1-3, Appellants' parcels as well as the area designated as Pinar Road lying west of Schultz Drive. (R–271a). This fact was stipulated to by the parties, and there was no testimony to contradict that at trial. In fact, all evidence introduced at trial supported the clear fact that Schultz owned what are now Dailey Lots 1-3 and the same were included as part of the Schultz subdivision plan. (R-271a, 369a).

The Daileys' Brief at 12-13. The trial court specifically found Lots 4 and 5, portions of which came from the Hadberg Estate, were currently accessible via Elmer Road, and the easement at issue concerned the landlocked Lots 1-3, all of which came from Schultz. Trial Court Opinion, 7/16/21 at 4-5; N.T., 3/29/21, at 88, 189-90; *see also* Joint Exhibit 12. These findings of fact are supported by competent evidence.

Appellants' reliance on the Pennsylvania Supreme Court's decision in *Kao v. Haldeman*, 728 A.2d 345 (Pa. 1999), to support their claim is misplaced. *See* Appellant's Brief at 36-40. The Supreme Court recognized the issue in *Kao* was a narrow one, and limited to whether "an easement holder has a right to enjoin a trespasser from using the easement." *Kao*, 728 A.2d at 347. Our Supreme Court specifically explained *Kao* was **not** a case involving an easement by implication, but rather use of an easement by preference. *Id.* at 346. Appellants have failed to explain how this case is relevant to the instant matter. Appellants do not cite to any other law which supports their claim. *See* Appellants' Brief at 35-43. We see no error in the trial court finding that the requirement of a common grantor was not defeated where portions of a party's land, **which are not at issue in the case**, were granted by a third party.

Appellants' argument that Lots 1-3 may be accessed without use of the easement lacks any factual support in the record.[4] While Lots 4 and 5 of the Dailey's property are currently accessible via Elmer Road, Lots 1-3 are not. Trial Court Opinion, 7/16/21, at 4-5. The record reflects Lots 1-3 can only be accessed through the easement or by crossing over a separate parcel of land.[5] *Id.*; N.T., 3/29/21, at 88, 170, 189-90; *see also* Joint Exhibit 12.

Lastly, Appellants contend there is no evidence "Shultz, prior to conveying the remainder to Morgan, ever used Pinar Road Extension to access the remainder." Appellants' Brief at 45. Appellants fail to cite to any place in the record where there is any testimony or exhibits concerning this issue and this Court has been unable to locate any. *See* Appellants' Brief at 45. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of Appellants' claim. *Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. Super. 1997) ("In a record containing thousands of pages, this Court will not search every page to substantiate a party's incomplete argument").

---

[4] Appellants continue to disregard our standard of review, and portray the facts in the light most favorable to their argument, rather than the light most favorable to the prevailing parties. *See Metro Real Estate*, 207 A.3d at 339.

[5] While the Daileys can currently access Lots 1-3 through their own property, Mr. Dailey testified he wished to sell Lots 1-3. N.T., 3/29/21, at 118, 191. Ms. Cruz testified Harborcreek Township would not approve development on lots that could only be accessed through other parcels of land. *Id.* at 171.

- 11 -

We have thoroughly reviewed the record and the legal arguments of the parties on this issue. The trial court's findings of fact are supported by competent evidence, and we discern no error of law in its finding an easement by implication existed in this matter. *See Metro Real Estate*, 207 A.3d at 339. Appellants' first issue does not merit relief.

In their second and final issue, Appellants maintain the trial court erred "in granting [the Daileys] a 40[-foot] wide easement over Pinar Road because the easement should be limited to what is necessary." Appellants' Brief at 46; *see also id.* at 46-48. However, Appellants' argument on this issue is undeveloped, as they fail to point to a single case which supports their claim that the trial court had the authority to modify the width of the easement.

The trial court stated:

> The [trial c]ourt's determination of the existence of the easement was based upon the Schultz 1959 Subdivision Plot depicting the location of Pinar Road, including the unimproved portion of Pinar Road at issue, as well as the Schultz 1970 Subdivision Replot and the 1972 conveyance or the Schultz remainder referencing Pinar Road as [a] **40-foot right of way**. *See* Joint Exhibits 4, 7 & 11.

Trial Court Opinion, 11/22/21, at 7 (unnumbered) (emphasis added). Appellants do not and cannot dispute the maps depict a 40-foot right-of-way. *See* Appellants' Brief at 46-48. This Court has located no law which would allow a court to change the dimensions of an easement which are set forth in a recorded map. *See Croyle*, 832 A.2d at 472-73 (rejecting argument trial court erred in ordering appellants to remove obstructions within easement, because easement was still sufficiently wide to allow use and stating,

- 12 -

"[Appellees] and the other lot owners in the Sylvan Hills plan have an easement by implication to use the **entire sixty foot width of Larch Street as plotted.**" (emphasis added)).  Appellant's second issue does not merit relief.

Accordingly, for the reasons set forth above, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/7/2022

- 13 -