J-A12034-20

2020 PA Super 230

| | | |
|---|---|---|
| ROBERT D. GARWOOD AND ARLENE L. GARWOOD | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMERIPRISE FINANCIAL, INC., AMERIPRISE FINANCIAL SERVICES, INC., RIVERSOURCE LIFE INSURANCE COMPANY, AND THOMAS MAHLER | : | |
| | : | |
| APPEAL OF: ROBERT D. GARWOOD AND ARLENE L. GARWOOD | : | No. 1429 WDA 2019 |

Appeal from the Judgment Entered September 13, 2019,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s):  G.D. 01-008314.

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

OPINION BY KUNSELMAN, J.:                    FILED SEPTEMBER 21, 2020

Robert and Arlene Garwood appeal from the judgment entered following a non-jury decision in favor of the Defendants.  The trial court found, based upon the testimony and evidence it deemed credible, that the Garwoods' life-insurance agent, Thomas Mahler, adhered to the pre-1996 Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 – 201-93.  The Garwoods have waived all their appellate issues.

Briefly, the Garwoods bought life insurance from the Defendants, and, as the Garwoods aged, their monthly payments began to increase.  They eventually surrendered the policy because of cost and sued under various

_____

[*] Retired Senior Judge assigned to the Superior Court.

statutory and common-law theories.  The Garwoods lost on all jury issues at trial, and the trial judge ruled against them on their UTPCPL claim.

In post-trial motions, they raised two issues.  First, the Garwoods asked whether "The Trial Court erred in finding that [the Garwoods] failed to provide sufficient credible testimony to establish that Defendants had made misrepresentation in the sale of the Flexible Premium Adjustable Whole Life Policy."  Garwoods' Motion for Post-Trial Relief at 2; Garwoods' Brief in Support of Post-Trial Relief at 3 (emphasis added).  Second, they asserted "The Trial Court erred in determining that the Statute of Limitations for [the Garwoods'] claim was not tolled by the filing of the Benacquisto Class Action[1] against Ameriprise."  Garwoods' Brief in Support of Post-Trial Relief at 18.  The post-trial-motions judge denied relief, and this appeal followed.

Now, the Garwoods seek to litigate five different issues.  They are:

1.    Did the Trial Court commit reversible error in finding that the Garwoods failed to introduce evidence sufficient to support a finding that Defendants made misrepresentations in the sale of Robert Garwood's Flexible Premium Adjustable Whole Life Insurance Policy?

2.    Was the Trial Court's finding that Defendants did not violate the UTPCPL manifestly erroneous, arbitrary and capricious, or flagrantly contrary to the evidence?

3.    Did the Trial Court commit reversible error in finding that Defendants did not misrepresent the cost of Robert Garwood's Flexible Premium Adjustable Whole Life Insurance Policy?

_____

[1] See Benacquisto v. American Express Fin. Corp., et al., No. CIV. 00-1980 (D.Minn. 1980).

4. Did the Trial Court commit reversible error in finding that the Application, Disclosure Statement, and Comparative Statement used in the sale of Robert Garwood's Flexible Premium Adjustable Whole Life Insurance Policy did not constitute sales materials under the UTPCPL?

5. Did the Trial Court commit reversible error in finding that Plaintiffs could not justifiably rely upon the information contained in Disclosure Statement and Comparative Statement as a representation that payment of $75.16 per month would be sufficient to keep the Flexible Premium Adjustable Whole Life Insurance Policy in force for the full term of the insurance policy?

Garwoods' Appellate Brief at 3 (emphasis added).

"The issue of waiver presents a question of law, and, as such, our standard of review is de novo, and our scope of review is plenary." Trigg v. Children's Hosp. of Pittsburgh of UPMC, 229 A.3d 260, 269 (Pa. 2020). "[I]ssues not preserved in a post-trial motion are waived." Tucker v. Community Med. Ctr., 833 A.2d 217, 226 (Pa. Super. 2003).

The Garwoods' second, third, fourth, and fifth appellate issues clearly depart from the two they argued post-trial. Moreover, they failed to include them in their Rule 1925(b) Statement. See Pa.R.A.P. 1925(b)(4)(vii). The Garwoods have waived those issues on both grounds.

Regarding their first appellate issue, the Garwoods might argue that they preserved the question, because the word "sufficient" appears in both their motion for post-trial relief and their statement of the first appellate issue. If so, they would be wrong.

- 3 -

In their post-trial motions, the Garwoods urged the trial court to reconsider its determination that they were not credible. They argued as follows:

> Credibility is defined in BLACK'S LAW DICTIONARY 374 (7th ed.) as "the quality that makes something (as a witness or some evidence) worthy of belief." (quoted favorably in Com. v. Delbridge, 855 A.2d 27, 49 (Pa. 2003)). In order for a witness to be credible, the witness must have personal knowledge to be competent to testify about the event. "In order to be a competent witness one must have personal knowledge of the matter about which he testifies. Pa.R.E. 602." Ratti v. Wheeling Pittsburgh Steel Corp., 758 A.2d 695, 708 (Pa. Super. 2000).
>
> Defendant Mahler had no specific recollection of the sales presentation given to the Garwoods. The only testimony which Mr. Mahler gave regarding his conversations with the Garwoods was that of a general recollection of what he characterized as his regular practice in selling Flexible Premium Adjustable Whole Life Policy.

Garwoods' Brief in Support of Post-Trial Relief at 3-4 (footnote omitted).

They then cited extensively to the record of testimony. See id. at 4-5, 8-12. The Garwoods asserted the trial court should have deemed credible Mrs. Garwoods' recollection of events from several decades ago. See id. at 15. Thus, they built their entire argument upon the premise that the trial court made poor credibility determinations, not that the trial court erred as a matter of law as they now assert on appeal. In their brief in support of their post-trial motions, they only argued a weight-of-the-evidence claim, not a sufficiency-of-the-evidence claim.

The "credibility of witnesses is an issue to be determined by the trier of fact. On appeal, this Court will not revisit the trial court's determinations regarding the credibility of the parties." Stephan v. Waldron Elec. Heating & Cooling LLC, 100 A.3d 660, 667 (Pa. Super. 2014) (some punctuation omitted).

Likely aware of our inability to revisit credibility, the Garwoods engage in appellate gamesmanship. They swap their weight-of-the-evidence issue for a sufficiency-of-the-evidence claim. "When reviewing a sufficiency-of-the-evidence claim in a civil case . . . an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the verdict winner," conducts a de novo review of whether the party that had the burden of proof below presented enough evidence to allow the case to reach the finder of fact. Samuel-Bassett v. Kia Motors Am., Inc., 34 A.3d 1, 34 (Pa. 2011).

Pennsylvania Rule of Appellate Procedure 302(a) does not permit this practice, because "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). The Garwoods, therefore, have waived their first appellate issue, as well.[2]

_____

[2] Even had the Garwoods preserved this issue, it would warrant no relief. They may have presented sufficient evidence to support a claim under the UTPCPL, as a matter of law — i.e., to overcome the defendants' motion for summary judgment, compulsory nonsuit, or directed verdict and to allow their case to reach the finder of fact.

However, the trial court, as the fact finder, did not find the Garwoods' evidence credible enough to resolve the issues facts in their favor. The trial

All appellate issues dismissed as waived.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2020

_____

judge acts as gatekeeper in UTPCPL cases to determine whether a defendant's alleged conduct (1) actually occurred and (2) "had the tendency or capacity to deceive." Gregg v. Ameriprise Financial, Inc., 195 A.3d 930, 938-39 (Pa. Super. 2018), appeal pending, 216 A.3d 222 (Pa. 2019).

In Gregg, we held that, if a seller's conduct creates "a likelihood of confusion or misunderstanding," it is actionable under 73 P.S. § 201-2(4)(xxi), regardless of whether the seller acted intentionally, carelessly, or with the utmost care. Id. at 939. Even so, the trial court must still make the factual finding that the seller's conduct was deceptive. Merely because a UTPCPL plaintiff claims a seller deceived her, does not make it so. The trial court must find the plaintiff's evidence credible and that the defendant's conduct, in fact, constituted a deception. Here, the trial court found none of the Garwoods' evidence of deception credible; it therefore decided that they failed to prove deception by the defendants. This gatekeeping function of the trial court eliminates UTPCPL claims based only on buyer's remorse.

- 6 -