J-A28021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NICHOLAS BRANDON GUMP | : | No. 524 WDA 2020 |

Appeal from the Order Entered March 26, 2020
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-CR-0000170-2019

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

DISSENTING MEMORANDUM BY OLSON, J.:     **FILED:  April 16, 2021**

Respectfully, I dissent.  Based chiefly on its conclusion that Nicholas Brandon Gump (Gump) was not subject to arrest, the learned Majority holds that Gump was not entitled to DL-26B warnings and that he validly consented to chemical testing.  Notwithstanding, a prior panel of this Court held, in a published decision addressing very similar facts, that a defendant detained for investigation of driving under the influence was entitled to DL-26B warnings and that consent was not voluntarily given where the warnings were not issued. **_See Commonwealth v. Krentzel_**, 209 A.3d 1024 (Pa. Super. 2019), _appeal denied_, 222 A.3d 370 (Pa. 2019).  I see no compelling factual or legal grounds for distinguishing our prior decision in **_Krentzel_** and I note that petite panels of this Court are bound by its prior published decisions unless they have been overruled by an _en banc_ panel or our Supreme Court.  **_See_**

*Commonwealth v. Crowley*, 605 A.2d 1256, 1257 (Pa. Super. 1992). For these reasons and others I set forth below, I am unable to join the Majority.

To recap, the Majority vacates a suppression order, and remands for further proceedings, after finding that the trial court misapplied this Court's prior decision in **Krentzel**. The Majority points out that Gump was not subject to arrest (either at the scene or at any time during the incident, **see** Majority Memorandum at 12) and that DL-26B warnings need not be given to DUI suspects, in contrast with arrestees. **See id.** at 13. Distinguishing **Krentzel**, the Majority notes that Gump signed a consent to search form, even though it was not well adapted for blood draws. **See id.** at 12. In addition, the Majority declines to read **Krentzel** as requiring DL-26B warnings in suspected DUI cases regardless of arrest status, as such an interpretation would be inconsistent with the express terms of the DL-26B form. **See id.** at 13. Accordingly, the memo concludes that there was no reason for the officer to read the DL-26B warnings to Gump because he was not under arrest.

While the Majority's memorandum is premised largely on the finding that "Gump was not under arrest and, in fact, he was not arrested that night," **see id.** at 12, several factors militate against giving that assessment overmastering effect. As a preliminary matter, the assertion stands in contrast to the precise factual recitation adopted by the trial court, which found that "Gump was not in custody **until** he was placed into the police car for transport to Uniontown Hospital[.]" **Id.** at 2. This statement by the trial

court strongly suggests that Gump **was** placed in custody when he was transferred to the medical facility in a police vehicle. In addition, during the interaction with police at the scene of the traffic accident, the trial court found that Gump admitted to consuming prescription drugs, displayed a nervous and jittery demeanor, and had abnormally contracted pupils. ***See id.*** In view of these findings, it is reasonable to infer that Gump, like the defendant in ***Krentzel***, "was most likely driving under the influence, was about to be arrested regardless of whether [he] consented to the blood draw, and, in fact, was placed under arrest as soon as [he was to be transported to a medical facility for chemical testing]." ***Id.*** at 12. Because the facts in this case are largely indistinguishable from those that came before this Court in ***Krentzel***,[1] I believe the same result should obtain in both cases. ***See id.*** at 12 (discussing ***Krentzel*** and noting that where the foregoing circumstances where present and civil penalties could be imposed following a refusal of consent, a defendant is entitled to DL-26B warnings).

In reaching its conclusion, the Majority relies heavily upon our Supreme Court's decision in ***Commonwealth v. Myers***, 164 A.3d 1162 (Pa. 2017)**.** ***See*** Majority Memorandum at 11 (noting that warnings mandated by 75 Pa.C.S.A. § 1547 are triggered by arrest), *citing* ***Myers***, 164 A.3d at 1175

---

[1] The Majority is correct that Gump, unlike the defendant in ***Krentzel***, signed a written consent form. As even the Majority concedes, however, that form was not well-suited to blood draws and did not inform Gump of the consequences of refusal.

- 3 -

n.12. Although **Myers** stated that, under § 1547, all arrestees were entitled to DL-26B warnings, the **Myers** Court had no occasion to address the rights of DUI **suspects** in anything more than the most general terms (*i.e.*, that their consent must be voluntary to comport with constitutional requirements). Myers, due to extreme intoxication, was subject to immediate arrest, so there was no real call to consider the circumstances present in **Krentzel** or this case, where conscious and responsive DUI suspects were later arrested. **Myers** didn't consider the precise circumstances here and did not foreclosure the extension of DL-26B warnings to DUI suspects. Whether valid consent may be obtained from DUI suspects (later arrested) in the absence of DL-26B warnings remains, I submit, unresolved under **Myers**. And while **Myers** does not squarely address this issue, a plurality of the **Myers** Court, in Part II(C) of the opinion (holding that implied consent no longer served as an independent exception to the warrant requirement), discussed with approval cases from our sister states which said that consent must always remain revocable to be considered voluntary. **See Myers**, 164 A.3d at 1173-1174. While this view did not garner a majority, it suggests at least some support for the position that DUI suspects, who are later arrested, may be entitled to DL-26B warnings. If, as **Myers** suggests, consent must remain revocable, a consenting suspect may be entitled to receive DL-26B warnings where an arrest occurs shortly after agreement to chemical testing.

Although **Myers** did not definitively resolve the precise issue before us, treatment of this issue by our Supreme Court in subsequent cases may clarify why current case law permits the extension of DL-26B warnings to DUI suspects. In **Commonwealth v. Jones-Williams**, 237 A.3d 528 (Pa. Super. 2020), this Court discussed **Commonwealth v. March**, 154 A.3d 803 (Pa. Super. 2017), *vacated*, 172 A.3d 582 (Pa. 2017), in which a similar issue emerged. As we explained in **Jones-Williams**, March was unconscious and nonresponsive, but **not** under arrest, at the time of a warrantless blood draw. Eventually, he moved to suppress the results and the trial court granted his motion. On appeal, this Court concluded, in view of **Commonwealth v. Riedel**, 651 A.2d 135 (Pa. 1994), **Commonwealth v. Eisenhart**, 611 A.2d 681 (Pa. 1992), and the interplay of § 1547(a) and 75 Pa.C.S.A. § 3755(a) (which allowed warrantless blood draws and the release of results), that March's warrantless blood draw was permissible because March was, among other things, unconscious and not under arrest. As we pointed out in **Jones-Williams**, however, the Supreme Court granted a petition for allowance of appeal, vacated this Court's decision in **March**, and remanded the case for consideration in light of **Myers**. If **Myers** meant to suggest that the absence of an arrest operated as an automatic disqualifier for DL-26B warnings, I would infer there would have been no need to vacate the Superior Court decision in **March**. Since **March** was vacated, however, there **is** some

reason to believe that *Myers* contemplates the extension of DL-26B warnings to DUI suspects.

I have been unable to uncover any subsequent history in *March* following its remand from the Supreme Court. Nonetheless, my research has uncovered *Commonwealth v. Runyon*, 240 A.3d 945 (Pa. Super. 2020), a published opinion issued on September 18, 2020. The facts in *Runyon* were undisputed. Runyon, a trucker, was driving north on Interstate 81 and collided with a vehicle parked on the right-hand shoulder of the highway. A state trooper who responded to the accident smelled alcohol on Runyon's person and observed a beer can on the floor of the driver's side of Runyon's truck. The trooper transported Runyon to a medical facility for a blood draw. Runyon remained cooperative and agreed to the procedure. The Commonwealth stipulated that implied consent warnings were never given. After charges were filed, Runyon moved to suppress the blood draw results. The trial court convened a suppression hearing and, thereafter, held its decision in abeyance until our Supreme Court disposed of a petition for allowance of appeal filed in *Krentzel*. After the Supreme Court denied that petition, the trial court granted Runyon's suppression motion, citing *Krentzel*. On appeal to this Court, the Commonwealth argued that *Krentzel* wrongly adopted a bright line rule that required suppression whenever implied consent warnings were not given, even in cases where no DUI arrest had been made. The panel in *Runyon* rejected the Commonwealth's contention, noting

that the rule in **Krentzel** was binding unless reversed by an *en banc* Superior Court panel or by the Supreme Court. **Runyon** thus holds that DL-26B warnings must be given even in the absence of a DUI arrest, a reading of **Krentzel** which the Majority rejects.

Through my research, I realize that this Court has not been entirely consistent in its application of **Myers** when deciding whether the lack of DL-26B warnings invalidates the consent given by a DUI suspect. In **Commonwealth v. Redman**, 2018 WL 821878 (Pa. Super. 2018), a panel of this Court, like the Majority, observed in an unpublished memorandum that § 1547 did not apply because Redman was not under arrest when his blood draw was conducted. **Redman**, however, predated **Krentzel** and the panel in **Redman** was not constrained by adverse precedent in reaching the conclusion that it did.

My concern for clear and consistent application of our precedents in this area is not an abstract or theoretical interest. Law enforcement personnel charged with the duty of enforcing traffic laws need to know which procedures will be countenanced by the courts and which will not. At least one Superior Court judge, citing a related concern for overly technical assessments of valid consent, has acknowledged the need for clarity and consistency in assessing voluntariness when applying the totality of circumstances test in this context. **See Commonwealth v. Veasy**, 2020 WL 7863828 (Pa. Super. 2020) (unpublished memorandum) (McCaffery, J. concurring) (noting need to

apply totality of circumstances test in a clear and pragmatic manner given that courts are examining actions taken by law enforcement in stressful situations and often at night).  If the need to administer DL-26B warnings turns simply on the defendant's status as either a suspect or an arrestee when consent is requested (and regardless of any subsequent change in status), then this issue will boil down to one of timing and become somewhat arbitrary (*e.g.*, an officer who makes an arrest before seeking consent must give warnings but an officer who seeks consent then makes an arrest need not recite warnings).  Therefore, because *Myers* does not foreclose the extension of DL-26B warnings to DUI suspects, because a growing body of appellate case law suggests this approach is appropriate (including binding case law disseminated by this Court), and because of the need for clarity and consistency in this area, I would hold that the trial court correctly applied the decision of this Court in *Krentzel* when it determined that Gump was entitled to suppression.  Accordingly, I dissent.