J-A23041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL J. MUDRA, SR. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCHLUMBERGER TECHNOLOGY CORPORATION | : | |
| | : | No. 1439 MDA 2021 |
| Appellant | : | |

Appeal from the Judgment Entered November 8, 2021
In the Court of Common Pleas of Bradford County Civil Division at No(s):
2012CV0283

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY BOWES, J.:   **FILED: JULY 26, 2023**

I agree with my learned colleague's decision to affirm the November 8, 2021 judgment entered in favor of Michael J. Mudra, and I join Parts II-VI of the memorandum.  Likewise, I share the majority's concern about the conflict within our jurisprudence as to whether a party may appeal the denial of a motion for summary judgment after a trial has been held without first reviving the issues in a motion for judgment notwithstanding the verdict ("JNOV"). However, I write separately to highlight the non-reviewability of the legal issue the majority addresses concerning the open and obvious doctrine based upon Appellant's failure to assert it in the predicate motion for JNOV or challenge the denial of JNOV in its post-trial motion.

_____

[*] Former Justice specially assigned to the Superior Court.

A succinct review of the relevant facts and procedural history is warranted. Mr. Mudra sued Appellant alleging that he suffered injuries when he tripped over a twelve-inch diameter hose that obstructed his descent of a ladder at a gas-drilling site that Appellant was supervising on behalf of the leaseholder, Chesapeake. Essentially, Mr. Mudra contended that Appellant negligently placed the hose near the ladder. Following discovery, Appellant filed a motion for summary judgment invoking, *inter alia*, the open and obvious doctrine, *i.e.*, "Because the facts of record establish that the hose was an open and obvious condition of which [Mr. Mudra] was already admittedly aware prior to tripping, [Appellant] therefore owed no duty to protect [Mr. Mudra] from it and is entitled to judgment as a matter of law." Motion for Summary Judgment, 9/13/19 unnumbered at 2. The trial court denied the motion, finding, in part, "despite the fact that the danger the hose posed was, at least to some extent, open and obvious, there is an issue of fact as to whether [Appellant] should have anticipated that harm could occur notwithstanding the open and obvious nature of the dangerous condition." Order, 1/24/20, at 1.

Thereafter, the case proceeded to trial. At the close of Mr. Mudra's case in chief, Appellant orally moved for a directed verdict[1] based upon the open

_____

[1] Appellant's motion for a directed verdict was premature insofar as it was presented before the submission of **all** evidence. Phrased differently, unlike a motion for compulsory nonsuit, a motion for directed verdict challenges the

*(Footnote Continued Next Page)*

and obvious rule, which the trial court denied for the "same reason [it] discussed [in denying] the summary judgment motion." N.T., 11/4/20, at 38. The trial court succinctly explained, "there's been plenty of evidence for them to determine that [Appellant] was in control of that area. That they were in control of those hoses, that it was a dangerous condition, that it was reported, . . . and that you owed a duty to [Mr. Mudra]." *Id*. at 39. Then, after the jury verdict in favor of Mr. Mudra, Appellant made a general, unspecified oral motion for JNOV arguing, in total, "I don't think the evidence supports the verdict." The oral motion was summarily denied. *Id*. at 229.

Presently, Appellant questions, *inter alia*, "[w]hether the trial court erred in denying the motion for summary judgment of Appellant . . . because the open and obvious doctrine precluded the claims of [Mr. Mudra]." Appellant's brief at 5. The majority concluded that this claim was not properly framed for appellate review, relying upon *Whitaker v. Frankford Hospital of City of Philadelphia*, 984 A.2d 512, 517 (Pa.Super. 2009), for the proposition that once a case proceeds to trial and the defendant presents a defense, the denial of a motion for summary judgment becomes moot. *See* Majority Memorandum at 7.

---

sufficiency of **all** evidence and not simply the plaintiff's evidence. *See Rogers v. Thomas*, 291 A.3d 865, 882 (Pa.Super. 2023) (*en banc*). Hence, Appellant's purported motion for a directed verdict is more accurately characterized as a motion for compulsory nonsuit.

In my view, the majority correctly concludes that we cannot review Appellant's post-verdict challenge to the denial of summary judgment. Indeed, from my perspective, the denial of summary judgment simply is not appealable, absent limited exceptions that are not applicable in this case. Rather, a party wishing to challenge the denial of a motion for summary judgment should seek immediate permission to appeal that interlocutory order to this Court. This is particularly so when the motion involves solely a legal issue. If a party chooses not to seek permission to appeal, it must reassert the basis for relief in a motion for JNOV following trial to preserve it, with the disposition of that motion supplying the basis for appellate review.

Recognizing that the trial court's denial of Appellant's motion for summary judgment regarding the open and obvious doctrine was not properly framed for appellate review, the majority sought to address that issue in the context of the denial of JNOV. *Id*. at 7-9. There are two problems with this perspective. First, as I indicated *supra*, Appellant did not assert any issues concerning the application of the open and obvious doctrine in the oral motion for JNOV that simply asserted, "I don't think the evidence supports the verdict." N.T., 11/4/20, at 229. Thus, unlike the circumstances of ***Turnpaugh Chiropractic Health & Wellness Ctr., P.C. v. Erie Ins. Exch.***, --- A.3d---, 2023 PA Super 99 (Pa.Super. 2023) (Stevens, J.), (Bowes, J., concurring), where this Court recently addressed the denial of summary judgment in the context of the trial court's denial of appellant's subsequent

- 4 -

motion for JNOV asserting the same underlying claim, in the case at bar, Appellant failed to revive the pertinent claim in its motion for JNOV.

Moreover, while Appellant filed a comprehensive post-trial motion, it neglected to challenge the trial court's denial of the oral motion for JNOV. Instead, in pertinent part, Appellant's post-trial motion asserted that the trial court "erred and abused its discretion in denying [its] motion for summary judgment" and the motion for directed verdict.[2] Motion for Post Trial Relief, 11/13/20, at ¶¶15 and 20. Insofar as Appellant's post-trial motion failed to challenge the denial of JNOV, that issue is waived. **See Garwood v. Ameriprise Financial**, 240 A.3d 945, 948 (Pa. Super.2020) (issue not raised by post-trial motions were waived)). Hence, the majority errs in choosing to address the merits of the issue in this context on appeal.

---

[2] While the majority concludes that the denial of a motion for directed verdict is not properly framed for review, **see** Majority Memorandum at 7, I would not summarily foreclose post-verdict review of orders denying motions for directed verdict considering the functional overlap between a motion for directed verdict and a motion for JNOV. **See Rogers v. Thomas**, 291 A.3d 865, 882 (Pa.Super. 2023) (*en banc*) ("A motion for directed verdict, like a motion seeking [JNOV], requires a court to test the sufficiency of all evidence at the close of a case"). However, as I explained in footnote one on page two of this concurrence, the premature motion for a directed verdict that Appellant filed in this case was, essentially, a motion for compulsory non-suit, which is unquestionably mooted by the subsequent presentation of evidence by the defense. **See Whitaker v. Frankford Hospital of City of Philadelphia**, 984 A.2d 512, 517 (Pa.Super. 2009) (recognizing that, once defendant presented defense, "the trial court's refusal to grant . . . a compulsory nonsuit became moot."). Thus, I agree with the majority's conclusion that Appellant's motion for a directed verdict did not provide a basis for review in this case.

Accordingly, I do not join Part I of the memorandum. However, since the majority ultimately rejected the merits of Appellant's argument, I concur in the resulting disposition and join the learned majority only as to Parts II-VI of the memorandum.